## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1834—IN THE FIFTY-EIGHTH YEAR OF OUR INDEPENDENCE.

(Continued from volume ELEVEN.*)

### SMITH vs. FOWLE & DUNHAM.

Where a suit is commenced by the *filing and service of a declaration,* it is not proper to allege the defendant to be *in custody &c.;* but if such allegation be made, it is not cause of demurrer.

Nor is it necessary to allege that the declaration is filed *according to the statute,* though it is well to commence a declaration in that form.

Nor need it be alleged that the *defendant is a resident of the state :* any person found within the jurisdiction of the court being liable to be proceeded against under this statute.

In the *record of judgment,* however, it must appear that the court had jurisdiction of the cause, either by the actual appearance of the defendant, or by proper suggestions, showing a compliance with the statute in the commencement of the suit.

THIS was a motion for judgment for the frivolousness of a demurrer to the plaintiff's declaration, the *commencement* of which was thus : " J. T. S., the plaintiff in this suit by R. L.

* In the *eleventh* volume of these reports, a mistake of the *reporter* occurred which he seizes this opportunity to correct. In the case of LIVINGSTON, appellant, and HARRIS, respondent, 11 Wendell's Reports, 329, the Hon. JOHN W. EDMONDS was one of the *counsel* for the respondents, (having been retained as counsel in the cause previous to his becoming a member of the

his attorney, complains of G. M. F. and A. C. D. defendants, *in custody, &c. according to the statute*, of a plea of trespass on the case on promises, for that whereas," &c. The defendants demurred and assigned several special causes ; the substance of which is, that the plaintiff has not stated in his declaration that the suit was commenced by filing a declaration and entering a rule to plead according to the statute, but has alleged that the defendants are *in custody*, &c.

*By the Court,* Savage, Ch, J. By the revised statutes, 2 R. S. 347, § 1, personal actions against individuals not privileged from arrest may be commenced in two ways : 1. By the issuing and service of a *capias ad respondendum ;* 2. By filing in the clerk's office a declaration entering a rule to plead, and serving a copy of such declaration and notice of such rule personally on the defendant. This mode may be adopted against any person, whether privileged or not. This is all which it is material to state in deciding the demurrer now before the court.

The plaintiff is to file a declaration. What is a declaration ? This question is very briefly and properly answered by Mr. *Graham,* in his treatise on the practice of this court, (*Graham's Pr.* 160,) thus : " The declaration is a statement in legal form of the plaintiff's cause of action." It consists of five parts : 1. The Title ; 2. The venue ; 3. The commencement ; 4. The statement of the cause of action ; 5. The conclusion. The commencement comprises the parties, the mode in which the defendant has been brought into court, and the form of action. Id. 165. 1 Chitty, 285. Formerly the manner in which the defendant was brought into court was important to be stated, and it was done by alleging that the defendant was *arrested,* or *served with process,* or *attached* or *summoned,* as the

court for the correction of errors, and therefore according to the rules of that court entitled to act as counsel,) and yet, in the report of the decision of the cause, he is represented to have given his vote *as a member of the court.* He did not vote in the decision of that cause. The explanation of the mistake is that, in transcribing the names of the members who voted on the final question, the name of *Edmonds* was written for that of *Edwards,* the Hon. Samuel L. Edwards, one of the members of that court, being in his seat at the time, and voting upon that occasion.

case might be; and when the declaration stated the manner incorrectly, the defendant could not demur without craving oyer of the original, and setting it forth; and as oyer cannot now be obtained, a variance in this respect is no longer cause of demurrer. A reference to the writ, or recital of it, Mr. Chitty says, is not considered any part of the declaration, consequently a mistake therein is no ground of demurrer. 1 Chitty's Pl. 289. Before our revised statutes, process was necessary to the commencement of a suit in personal actions against persons not already in contemplation of law in court; the officers of the court are supposed to be always in court; but every other person was to be brought into court, before he could be declared against. The revised statutes have authorized a declaration before the defendant is brought into court, and that the defendant may be proceeded against upon a declaration without process. The declaration must be filed, a rule to plead entered, and a copy of the declaration must be served personally with notice of the rule to plead before the defendant can be said to be in court. To state that the defendant is in court when the plaintiff thus files his declaration is not consistent with the truth, and should be omitted; it is however no cause of demurrer. There is nothing in the declaration in this case to show that the defendant is not in fact in custody, &c. I cannot perceive that the declaration under the statute is to be different from what it was before the statute, except in the particular now under consideration. Formerly a plaintiff could not file his declaration against the defendant until the latter was in court. Now the declaration under the statute must be filed before the defendant can be in court. It is manifest, therefore, that the statement of the defendant's being in court, should be omitted.

The pleader should take care, however, to show in his *record* that the court had jurisdiction of the person of the defendant before judgment is entered against him. When the defendant appears, the fact will be apparent upon the record; and when judgment is entered by default, the record should show the jurisdiction of the court by a compliance with the directions of the statute. But the declaration cannot contain

NEW-YORK,
May, 1834.

Smith
v.
Fowle.

those facts; they are to follow, not precede the filing of the declaration, and cannot be contained in it. The demurrer is frivolous.

Judgment for plaintiff.*

*During this same May term, the court decided on demurrer in the case of *The Ex'rs of Ardin* v. *Sickles and Fletcher*, that a declaration was good, although it contained no averment either that the defendant was *in custody, &c.*, or that the declaration was filed *according to the statute.*

In July term, 1834, the same question arose in the case of *Myers and Myers* v. *Hatfield*, in which the court said it would be well to commence the declaration by saying *A. B. complains of C. D. according to the form of the statute*, but the omission of a reference to the statute is not cause of demurrer.

In October term, 1834, it was objected to the declaration in the cause of *Knower* v. *Gary*, which purported to be filed according to the statute, that it was not alleged that the defendant was *a resident of the state*, and it was insisted on demurrer that for such omission the declaration was bad; but the court *held* that the allegation was unnecessary, and that any person found within the jurisdiction of the court may be served with the copy of a declaration filed against him, whether he is or is not a resident of the state.