Ellen Bosworth, Executrix, etc., Appellant, *v.* Alonzo Vandewalker, Respondent.

To give binding effect to a judgment foreclosing infants of their equity of redemption in mortgaged premises, it is essential that the court have jurisdiction of the person and subject-matter.

The want of jurisdiction makes such a judgment void and unavailable for any purpose, and may always be set up against it when it is sought to be enforced or when any benefit is claimed under it.

The intendment of law, however, is that a Superior Court of general jurisdiction has jurisdiction both of the subject-matter and of the person of the defendant until the contrary appears.

The record of the judgment is *prima facie* evidence, and will be held conclusive until clearly and explicitly disproved, and the recitals therein may be used to establish jurisdiction.

These general rules apply as well in case of an infant defendant as of an adult.

It is only in case where a defendant neither answers the complaint nor appears in the action that proof of service of the summons upon him must appear in the judgment roll. (Code, §§ 281, 139.)

The judgment record in a foreclosure suit recited that affidavits were read and filed showing the service of the summons in the action, and also that an answer was put in by the guardian *ad litem* for certain infant defendants. *Held,* that the fair meaning of the first recital was that the service necessary for the commencement of the action against all the defendants was shown, and that the presumption in favor of the validity of the judgment and the *prima facie* evidence furnished by the recitals were sufficient to sustain the jurisdiction of the court as to the persons of the infant defendants.

Papers filed in an action showing the appointment of a guardian *ad litem* for infant defendants are proper as evidence to establish that fact, although they are not made part of the judgment record.

(Submitted Oct. 1, 1873; decided November 11, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment for defendant, entered upon the decision of the court at Special Term.

This action was brought to redeem certain lands in Jefferson county from sale under mortgage. It was originally brought by plaintiff's testator, Alfred Bosworth. Upon his death plaintiff was substituted.

On the 1st February, 1847, George C. DeKay owned 3,500 acres of land, including the lands in question, in Jefferson county, and on that day he mortgaged it to Fitz Green Halleck for $15,000. January 15, 1849, the mortgagor died. He left a widow and seven children, the oldest of whom was about fourteen, and the youngest one year old. He died intestate. This mortgage, through several *mesne* assignments, passed, in April, 1849, to the Hamilton Bank. Thereupon in the same year it was seized on attachment by the sheriff of the city of New York, and in June, 1849, the said sheriff and the bank commenced an action to foreclose the mortgage. The foreclosure suit was prosecuted to judgment, and the mortgaged land was sold by the sheriff, under the decree, to one Mathewson, March 25, 1851. The defendant derives his title through Mathewson. Proceedings were subsequently instituted on behalf of the infant children under the statute providing for the sale of infants' real estate, and by order of the court therein their interest in the premises in question was sold and purchased by plaintiff's testator. Plaintiff claimed the foreclosure to be void as to the infants because the summons therein was not served upon them. The facts appearing in reference thereto are stated in the opinion.

*James F. Starbuck* for the appellant. There was no proof sufficient to show that the infant defendants were served with the summons in the foreclosure suit. (Broom's Legal Maxims, 414; *Sibley* v. *Waffle*, 16 N. Y., 180; *Cook* v. *Farmer*, 11 Abb., 40; *Smith* v. *Fowle*, 12 Wend., 11; *Hallett* v. *Righters*, 13 How. Pr., 43; *Leland* v. *Cameron*, 31 N. Y., 112, 121.) Process must be actually served on an infant defendant as a condition precedent to any valid proceeding against him in the courts. (*Kendall* v. *Washburn*, 14 How. Pr., 380; *Hahn* v. *Kelly*, 34 Cal. [8 Am., L. R. N. S.], 122; *Cook* v. *Farren*, 34 Barb., 95; *Grant* v. *Van Schoonhoven*, 9 Paige, 255; *Kohler* v. *Kohler*, 2 Ed. Ch., 69; *Litchfield* v. *Burwell*, 5 How. Pr., 341; *Heller* v. *Heller*, 6 id., 194; *Havens* v. *Sher-*

*man*, 42 Barb., 636; *Bloom* v. *Burdick*, 1 Hill, 130; *Glover* v. *Haws*, 19 Abb., 161, 162.) The right of redemption is always favored in equity. (*Murray* v. *Walker*, 31 N. Y., 402.) The record to bar the right of the infant to redeem must show clearly that the court had jurisdiction of his person. (*Hallett* v. *Slater*, 13 How. Pr., 43; *Smith* v. *Fowle*, 12 Wend., 9.) The entries in the attorney's register were competent evidence to show that the summons was not served on the infant defendants. (*Leland* v. *Cameron*, 31 N. Y., 115; *Welch* v. *Barrett*, 15 Mass., 379; *Nichols* v. *Goldsmith*, 7 Wend., 160; 1 Gr. on Ev., §§ 15–17; *Moffatt* v. *Moffatt*, 10 Bosw., 468.)

*F. W. Hubbard* for the respondent. Jurisdiction will be presumed in support of the judgment of foreclosure. (1 Hill, 154; 8 N. Y., 254–261; 18 id., 88; 28 id., 641.) An appearance for the guardian *ad litem* conferred jurisdiction. (*Rogers* v. *McLean*, 31 How., 279.) Plaintiff cannot have redemption of a part of the land sold under the judgment. (2 Barb. Ch. Pr., 194, and cases cited; 27 id., 230; 4 Kent., 163.)

FOLGER, J. As this case is presented to us, the position of the defendant rests upon the validity of the judgment, by which it is claimed that the minor children of De Kay, the mortgagor, were foreclosed of their equity of redemption in the mortgaged lands.

To give binding effect to such a judgment it is essential that the court should have jurisdiction of the person and of the subject-matter. The want of jurisdiction may always be set up against it, when it is sought to be enforced, or when any benefit is claimed under it. And the want of jurisdiction makes it utterly void and unavailable for any purpose. (*Borden* v. *Fitch*, 15 J. R., 121.)

The intendment of law, however, is that a Superior Court of general powers had jurisdiction, until the contrary appears. (Per SPENCER, Ch. J., in *Mills* v. *Martin*, 19 J. R., 7.) And this intendment is of jurisdiction of the subject-matter not

only, but of the person of the defendant also. (*Foote* v. *Stevens*, 17 Wend., 483.) And see also *Hart* v. *Seixas* (21 Wend., 40) in which *Smith* v. *Fowle* (12 Wend., 11) relied upon by the appellant is overruled.

The record of the judgment is *prima facie* evidence, and will be held conclusive until clearly and explicitly disproved. (*Shumway* v. *Stillman*, 4 Cow., 292; S. C., 6 Wend., 447.) The recitals in it may be used to establish jurisdiction *prima facie*. (*Potter* v. *Merch. Bk.* 28 N. Y., 641.)

The record now impugned recites that affidavits were read and filed, proving the service of the summons in the action. This recital is criticised, in that it does not specify upon whom of the defendants the service was made, and does not declare that it was upon all of them. I think that the fair meaning of it is, that service which was necessary for a commencement of the action against all of the defendants in the action. Of course the recital is subject to being shown untrue by proof. It also recites the putting in of an answer by guardian *ad litem* for the infant defendants.

No authority is produced by the appellant, nor have I found any, that these general rules do not apply to the case of an infant defendant. The appellant cites cases, but they are those in which it was shown, that no process had been served upon the infant defendant, such as *Glover* v. *Haws* (19 Abb., 161, note). In *Bartlet* v. *Knight* (1 Mass., 401) it is not suggested by court nor by counsel that the infancy of the defendant makes a difference.

We have, then, in favor of the validity of the judgment the presumption that the court had jurisdiction of the person of the infant defendants, and the *prima facie* evidence to the same end furnished by the recitals. And the judgment must be upheld, unless the appellant has shown a lack of jurisdiction by the proofs which he has brought.

It is first claimed, that the judgment roll contains no proof of service of process upon the infant defendants. If it was necessary that the roll should contain proof of service upon all defendants, this would be a weighty objection. The Code

of Procedure has prescribed what papers shall necessarily go into the judgment roll. (§ 281.) It is only in case the complaint be not answered by any defendant that proof of service of summons upon that defendant must appear in the rolls. And even this has an exception, for service of the summons is dispensed with when a defendant appears voluntarily in the action (Code, § 139), and in such case no proof of service of summons can be made. So it was here, for Janet H. DeKay made voluntary appearance, but served no answer to the complaint, and she is the only adult defendant as to whom no proof of service of the summons appears in the roll. In other cases, then, when no answer is made to the complaint, proof of service is not a requisite of the roll. There was here an answer made for the infant defendants, the general answer put in by their guardian *ad litem* by her attorney. The proof of service of summons upon them not being a requisite to a perfect judgment roll, its absence is not a fatal objection. Nor is the oral testimony given by Joseph Drake DeKay of the force claimed for it by the appellant. The most which can be said for it, taking the direct and cross-examination together, is that he does not now recollect that any summons was served upon him or upon his co-defendants, infants. He being but fourteen years of age when the action was commenced, and twenty years having elapsed since then, the want of recollection is not of great weight.

The transcript from the law register of the attorney for the plaintiff in the foreclosure action was admitted in evidence. Giving it full force, it does not prove, affirmatively, more than it contains, and such negatives as may be fairly inferred. It does not mention the fact of a service of the summons upon the infant defendants. It does mention that summons was left by the plaintiff's attorney for all the DeKays with Mr. West, who appeared as attorney for Mrs. DeKay and as attorney for her as guardian *ad litem*, put in the general answer. While it may be inferred from this that no service was made by the plaintiff's attorney, and that he did not employ any one to make service, it does not negative " clearly and expli-

citly" that service was made by Mr. West or some one at his procurement.

The instrument in writing, which it is claimed was signed by George Vandewalker, the grantor of the respondent, is also relied upon as containing an admission by him that there was no service of process upon the infant defendants. Whatever might be the effect of that paper, if it could be taken as executed by him, it is sufficient to say that it was matter of dispute upon the trial whether he signed it. There was conflicting testimony. There is no finding that he did. All the findings are such that this court cannot look into the testimony to determine that he did. So that no weight can now be given to this position of the appellant.

The proofs of the appellant failed to show that there was not service of process upon the infant defendants, and hence failed to remove the presumption of jurisdiction of their persons.

We avoid passing upon the question, whether if it appeared that there was no service of process upon them the proceedings for the appointment of a guardian *ad litem* and the putting in of a general answer by her would give jurisdiction.

There was no error in receiving in evidence the papers as to the appointment of a guardian. The sole objection made to them was that they formed no part of the record; but they were papers in the action, and brought from the clerk's office, a proper place of deposit for them. The specific objection made conceded that they were genuine. That they were not by law a requisite part of the judgment roll did not make them incompetent as evidence.

The technical objections now taken to the record, that the judgment does not purport to have been rendered or ordered by any term of the court, or ever to have fallen under the observation of any judge or justice of any court, are not tenable. They were not taken in the court below. Indeed, the papers were put in evidence by the appellant as genuine.

The judgment appealed from should be affirmed, with costs.

All concur except Grover, J., not voting.

Judgment affirmed.

# MEMORANDA.

OF

## CAUSES DECIDED DURING THE PERIOD EMBRACED IN THIS VOLUME AND NOT REPORTED IN FULL.