HORACE INGERSOLL, RESPONDENT, *v.* JOHN W. MANGAM
AND OTHERS.

### JOHN J. COGER, PURCHASER, APPELLANT.

*Proceeding to compel a purchaser under a mortgage foreclosure to complete his purchase — whether the appointment of a guardian ad litem for an infant defendant dispenses with the necessity of serving him with the summons.*

In this action, brought to foreclose a mortgage, an infant defendant was not served with a summons, but a guardian *ad litem*, whom his mother procured to be appointed for him, appeared in the action and put in an answer. The purchaser at the sale refused to complete his purchase; because the infant defendant had not been served.

*Held,* that there was too much doubt about the validity of the proceeding to authorize the court to compel the purchaser to pay the money and accept the deed.

APPEAL from an order made at Special Term granting the plaintiff's motion to compel the purchaser at the sale under the judgment in this action to complete his purchase.

The action was brought to foreclose a mortgage, and one William Mangam, sued as William Moore, an infant under the age of fourteen, and a non-resident of this State, was made a party defendant, as an owner of the equity of redemption in the mortgaged premises.

Upon an investigation of the proceedings under the foreclosure, it appeared that the infant defendant, William Mangam (sued as William Moore), was not served with the summons in the action. It further appeared from the record and moving papers that the said infant resides with his mother at Vineland, N. J., and has no general or testamentary guardian.

It further appeared that the mother of the said infant petitioned this court for the appointment of a guardian *ad litem* for him, and on her application such guardian was appointed, who appeared and answered for the infant.

The purchaser thereupon declined to take the sheriff's deed, on the ground that the summons was not served on said infant defendant, neither was an order for substituted service procured, and that this court did not obtain jurisdiction of the person of said infant, and his equity of redemption was not barred.

*S. M. & D. E. Meeker*, for John J. Coger, purchaser and appellant.   In all actions, save partition, the provisions of the Code of Civil Procedure apply, and an infant must be served with process in order that the court may obtain jurisdiction of his person. (*Glover* v. *Hawes*, note to *Parks* v. *Parks*, 19 Abb., 161; *Grant* v. *Van Schoonhoven*, 9 Paige, 255; *Ontario Bank* v. *Strong*, 2 id., 301; *Cook* v. *Farren*, 34 Barb., 95.)

*John B. Perry*, for the respondent.   The petition of the mother with whom the infant lived, the order made on her petition for the appointment of a guardian *ad litem*, and his . consent, affidavit, appearance and answer, gave the court jurisdiction of the person of the infant.   "An infant defendant must appear by guardian." (Code, § 471; *Barnard* v. *Heydricks*, 49 Barb., 62 [1866]; *Disbrow* v. *Folger*, 5 Abb. Pr., 53; *Rogers* v. *McLean*, 31 How. Pr., 279 [1866]; *Bosworth* v. *Vandewalker* [1873], 53 N. Y., 597; *Grant* v. *Van Schoonhoven*, 9 Paige, 255.)

Dykman, J.:

This action was for the foreclosure of a mortgage and one of the defendants was an infant.   He was not served with the summons, but his mother procured the appointment of a guardian *ad litem* for him, who appeared in the action and put in an answer.   Judgment was taken in the action, under which there was a sale to John J. Coger, who declined to take the deed and complete the sale, because the infant defendant had not been served.   An order was made at Special Term requiring him to complete his purchase, from which he has appealed.

We think there is quite too much doubt about the question to require the purchaser to pay the money and accept the deed.

The question was up in the Court of Appeals, in the case of *Bosworth* v. *Vandewalker* (53 N. Y., 597), but the court decided the case on the presumption of jurisdiction in the absence of proof that there was no service; but in the opinion care is taken to say that "we avoid passing upon the question, whether if it appeared that there was no service of process upon them, the proceedings for the appointment of a guardian *ad litem* and the putting in of a general answer by her would give jurisdiction."

We do not find that the question has been taken from this state of uncertainty, and the teaching of the case cited seems to be that but for the intendment of law that the Superior Courts have jurisdiction both of the subject-matter and the parties, until the contrary is shown, the validity of the judgment in that case would not have been sustained.

It is quite true that in equity infants are viewed as wards of the court upon the service upon them of process to bring them in, but it has never been held that jurisdiction is obtained of the persons of an infant defendant in a foreclosure action until the service of process, even for the purpose of appointing a guardian *ad litem*.

To require this purchaser to complete his purchase would be equivalent to compelling him to buy a law suit, and we do not think it should be so ordered.

The order appealed from should be reversed, with costs and disbursements, and motion denied, without costs.

BARNARD, P. J., concurs on the ground that there is too much uncertainty, to require the purchaser to pay money and take the title. GILBERT, J., not sitting.

Orders reversed, with costs and disbursements, and motion denied, without costs.