JAMES R. PRINGLE, Respondent, *v.* SMITH T. WOOLWORTH, as Receiver, etc., Appellant.

The record of a judgment of a Court of Common Pleas of a county in another State, in the absence of evidence to the contrary, is to be regarded as a judgment of a court of general jurisdiction, and is entitled to every presumption in favor of its validity and regularity.

In an action upon a judgment rendered in Pennsylvania against an insurance corporation of this State, the record of the judgment produced in evidence showed service of summons upon the insurance commissioner of Pennsylvania. Plaintiff also gave in evidence the statute of that State establishing an insurance department, which prohibits a foreign insurance company from doing business in the State until it has filed a stipulation agreeing that process affecting the company served on the "commissioner, or the party designated by him, or the agent specified by the company to receive service of process for the said company, shall have the same effect as if served personally on the company within the State," and in case the company ceases to maintain such agent, that "such process may thereafter be served on the insurance commissioner." The pleadings admitted that the company was engaged in the business in Pennsylvania when the action was commenced, and the policy in question was countersigned by its State agent in that State. *Held,* that it was to be presumed that the required stipulation was filed; that the statute authorized the service upon the commissioner; and that the judgment stood on the same footing as if personal service had been made upon the corporation.

Also *held,* that defendant was not entitled to show, as a defense, a breach

by plaintiff of a condition of the policy ; that the Pennsylvania judgment was conclusive as to any defense which might have been made in the action wherein it was rendered.

Defendant was appointed receiver of said corporation before the commencement of the suit in Pennsylvania. It did not appear and was not claimed that the corporation had been dissolved. *Held*, that plaintiff was not debarred by the appointment of a receiver from maintaining an action against the corporation ; and that the judgment, in the absence of fraud or collusion, conclusively established, as against defendant and the other creditors, the validity and amount of plaintiff's claim upon his policy.

*It seems* that if any reason existed to question the judgment, it was the duty of the receiver to have applied to the court rendering it to reopen the judgment and to permit him to defend.

(Submitted November 24, 1882 ; decided December 12, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought against defendant as receiver of the Homestead Fire Insurance Company upon a judgment rendered in plaintiff's favor against that company, the particulars of which, as well as the material facts, are stated in the opinion.

*John Lansing* for appellant. The allegations contained in the complaint as to the jurisdiction of the court of Mercer county, of the subject-matter and of the person of the defendant in the suit therein, and the designation of the insurance commissioners of Pennsylvania as the person on whom process against the Homestead Insurance Company should be served, were put in issue by the answer of the defendant. (Code of Civil Proc., §§ 507, 519 ; *Van Brunt* v. *Day*, 81 N. Y. 251–254 ; *Fellows* v. *Muller*, 6 J. & S. 137–141 ; *Smith* v. *Gratz*, 59 How. 275 ; *Harris* v. *Herrick*, 9 Abb. N. C. 379 ; *Calhoun* v. *Hallen*, 25 Hun, 155 ; *Allis* v. *Leonard*, 46 N. Y. 688 ; *Penn. Coal Co.* v. *Blake*, 85 id. 226–234 ; *Youngs* v. *Kent*, 46 id. 672–673 ; *People* v. *Northern R. R. Co.*, 42 id. 217–227–232.)

The judgment recovered in the Pennsylvania court is void, as the court obtained no jurisdiction of the defendant in the suit, either by personal service on the defendant or any of its officers or agents. (*Galpin* v. *Page*, 18 Wall. 350, 366–368; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114, 125; 2 Best on Evidence, § 353; *Ferguson* v. *Crawford*, 70 N. Y. 253–257; *Kerr* v. *Kerr*, 41 id. 272; *Hoffman* v. *Hoffman*, 46 id. 30; *Noyes* v. *Butler*, 6 Barb. 613; *Shumway* v. *Stillman*, 4 Cow. 292; *Howard* v. *Bassette*, 2 Hill, 301; *Oakley* v. *Aspenwell*, 4 N. Y. 512–521; *Kennier* v. *Kennier*, 45 id. 535–541; 2 Phillips on Evidence [Edwards' ed.], 172–173; *Robinson* v. *Ward's Exrs.*, 8 Johns. 87–90; *D'Arcey* v. *Ketchum*, 11 How. [U. S.] 165; *Dobson* v. *Pearce*, 12 N. Y. 156–164; *Sheriff* v. *Smith*, 47 How. 470; *Bradshaw* v. *Heath*, 13 Wend. 407–413; Code of Civil Proc., § 532; *Brown* v. *Balde*, 3 Lans. 283–291; *Starbuck* v. *Murray*, 5 Wend. 148; *Andrews* v. *Montgomery*, 19 Johns. 163; *Hill* v. *Mendenhall*, 21 Wall. 453; *Schwinger* v. *Hickok*, 53 N. Y. 280.) The judgment recovered in the State of Pennsylvania if good against the Homestead Insurance Company is not binding on the receiver, the defendant in this action, nor is it even evidence against him in this suit. (3 R. S. [6th ed.] 654, §§ 82, 86, 88, 94; *Matter of Eagle Iron Works*, 3 Edw. Ch. 385; *Matter of Waterbury*, 8 Paige, 380; *Atty.-Gen.* v. *L. & F. Ins. Co.*, 4 id. 224; *McEvers* v. *Lawrence*, Hoff. Ch. 171–175; *Campbell* v. *Hall*, 16 N. Y. 575–578; *Miller* v. *White*, 50 id. 137–141; *People* v. *Murray*, 73 id. 535–538; *Tinkham* v. *Borst*, 24 How. 246; 1 Greenleaf on Evidence, § 189; *Coan* v. *Osgood*, 15 Barb. 583–588; *Goddard* v. *Benson*, 15 Abb. 191; *Requa* v. *Holmes*, 16 N. Y. 193; *Stacy* v. *Thrasher*, 6 How. [U. S.] 44–59; *Aspeden* v. *Nixon*, 4 id. 467; *Grout* v. *Chamberlain*, 4 Mass. 611; *Edward* v. *Diefendorf*, 5 Barb. 398, 407; *Hammon* v. *Huntly*, 4 Cow. 493; *Cayuga Bk.* v. *Bennett*, 5 Hill, 236; *Miller* v. *White*, 50 N. Y. 137–141; *Many* v. *Jagger*, 1 Blatchf. 376.) By virtue of the appointment of the receiver, the insurance company was virtually dissolved. (*Davenport* v. *City Bk. of Buffalo*, 9 Paige, 12, 15; *In re Berry, Receiver*, 26 Barb. 55; *Verplank* v. *M.*

*Ins. Co.*, 2 Paige, 438–452; *Talmadge* v. *Pell,* 9 id. 410; *McCulloch* v. *Norwood,* 59 N. Y. 562–569; *Sturgiss* v. *Vanderbilt,* 73 id. 384; *Sturgiss* v. *Drew,* 11 Hun, 136; *Tracy* v. *First Nat. Bk. of Selma,* 37 N. Y. 523; *Whittlesey* v. *Delaney,* 73 id. 571–574; *In re Maybin,* 15 Bankr. Reg. 468; *In re Williams,* 5 id. 229; *Bradford* v. *Rice,* 102 Mass. 472; *Noe* v. *Gibson,* 7 Paige, 513; 2 Wait's Pr. 249.) The copy of the judgment-record was not properly certified under the laws of Congress or this State. (U. S. R. S., § 905.) The defense set up, which the defendant offered to prove, and which was overruled by the court on the ground that the judgment in Pennsylvania concluded the defendant, is a perfect defense to the action, and the court erred in excluding the same. (*McEvers* v. *Lawrence,* Hoff. Ch. 171–175.)

*D. O'Brien* for respondent. Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of any other State. Congress may by general laws prescribe the manner of proving the same, and the effect thereof. (U. S. Const., art. 4, § 1; U. S. R. S., § 905; Code of Civ. Proc., § 952; Abbott's Trial Ev. 542, 543, 544; *Snyder* v. *Barber,* 18 N. Y. 468; *Kinnier* v. *Kinnier,* 45 id. 541; *Sheriff* v. *Smith,* 47 How. Pr. 470; *Shumway* v. *Stillman,* 6 Wend. 452; *Mills* v. *Duryea,* 7 Cranch, 481; 2 Pet. Con. Repts. 578; *McCullock* v. *Norwood,* 4 J. & S. 180; *Harrod* v. *Barretto,* 1 Hall, 171; *Foote* v. *Stevens,* 17 Wend. 483; *Kemps, Lessee,* v. *Kennedy,* 5 Cranch, 173; *Hatcher* v. *Rocheleau,* 18 N. Y. 86–90.) The defendant was in no position to raise any question at the trial touching the jurisdiction of the court that rendered the judgment. (*People* v. *N. R. R.,* 153 Barb. 98, 122; *McEncroe* v. *Decker,* 58 How. 250; *Bixby* v. *Drexel,* 9 Rep. 630; *People* v. *Snyder,* 41 N. Y. 397, 400; *Potter* v. *Smith,* 70 id. 299; *Ferguson* v. *Crawford,* id. 254; *Miller* v. *Brenham,* 68 id. 83; *Shumway* v. *Stillman,* 4 Cow. 292; *S. C.,* 6 Wend. 448; *Harrold* v. *Barretto,* 1 Hall, 154; *Black's Case,* 4 Abb. Pr. 162; *Starbuck* v. *Murrey,* 5 Wend. 148; Abbott's Trial Ev. 544, 545, n. 12; *Maples* v. *Mackey,*

14 W'kly Dig. 349.) It must be presumed that the company filed with the insurance commissioner of Pennsylvania the stipulation provided for. (*La Fayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *B'k. of U. S.* v. *Dandridge*, 12 Wheat. 79; *Nelson* v. *Eaton*, 26 N. Y. 414, 415; *Bennett* v. *Clough*, 1 B. & A. 361; *People* v. *City of Rochester*, 5 Lans. 15; *Bosworth* v. *Vandewalker*, 53 N. Y. 597; *Bissell* v. *Wheelock*, 11 Cush. 277; *Stockwell* v. *McCracken*, 109 Mass. 84; Abbott's Trial Ev. 547; *Hunt* v. *Hunt*, 72 N. Y. 217; *La Fayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114, 131.) There is no force in the objection that because the defendant was appointed receiver of the company it became thereby dissolved, and no action could thereafter be maintained. (*Kincaid* v. *Dwinelle*, 59 N. Y. 548; *S. C.*, 37 Sup. Ct. 326; *Stancliff* v. *Ross*, 57 N. Y. 643; *Albany F. Ins. Co.* v. *Van Vranken*, 42 How. Pr. 281; *Claflin* v. *Farmers' Bk.*, 54 Barb. 228; *Bk. of Lyons* v. *Deamon*, H. & D. 308.) Defendant was not entitled to give any proof tending to show a defense to the original contract of insurance. The contract was merged in the judgment. (*Berley* v. *Palmer*, 1 Hill, 482; *Lozier* v. *Westcott*, 26 N. Y. 146; *Hatcher* v. *Rocheleau*, 18 id. 86; *Dobson* v. *Pierce*, 12 id. 156; *Embury* v. *O'Connor*, 3 id. 522; *Baker* v. *Rand*, 13 Barb. 152; *Smith* v. *Wilson*, 62 N. Y. 286.) The provisions of the statute in regard to the voluntary dissolution of insolvent corporations apply to a receiver appointed after judgment of dissolution, which dates back to the time of filing the petition. (*Sands* v. *Hill*, 55 N. Y. 18; 26 Barb. 60.) The laws of Pennsylvania were properly proven and admitted, the book from which the same were read purporting to be published under the authority of that State. (Code of Civil Procedure, § 942.)

ANDREWS, Ch. J. The plaintiff to maintain the action, produced a duly authenticated record of a judgment purporting to have been rendered in the Court of Common Pleas of Mercer county, Pa., in an action brought by the plaintiff against the Homestead Fire Insurance Company, a New York

corporation, on a policy of insurance issued by the company May 22, 1876, and countersigned at Kittanning, Pa., at that date, by the State agent of the company, insuring the plaintiff in the sum of $800 for the term of three years against loss or damage by fire to his dwelling-house at Sandy Lake, Mercer county, Pa. It appears by the record that the action was commenced December 2, 1878, by the personal service of a summons therein, upon " J. M. Foster, insurance commissioner of Pennsylvania," and that judgment was entered against the defendant, for want of appearance, Feb. 15, 1879, for $875.09, damages and costs. The admission of the record was objected to upon several grounds. It was claimed, first, that it did not appear that the Court of Common Pleas of Mercer county, was a court of general jurisdiction. There was no evidence extrinsic to the record upon this point, but the court, as its name imports, was a court of common-law jurisdiction. The Court of Common Pleas in England, is one of the most ancient of the superior courts of common law in that realm. The only limitation in the jurisdiction of the Court of Common Pleas in Pennsylvania, by which the judgment in question was rendered, is a limitation to be inferred from the fact that it was a court of a particular county within the State. But the record shows that it was a court of record, having a prothonotary or clerk, and a presiding justice, and there is no suggestion that it did not have cognizance of all actions where the cause of action arose, or the subject-matter was situated within the county in which the court was organized. Courts of Common Pleas of counties, under the former Constitution, in this State were held in *Foot* v. *Stevens* (17 Wend. 483), to be courts of general jurisdiction for the purpose of the presumption which always prevails as to jurisdiction of courts of that character, and the County Courts or Courts of Common Pleas of other States have been treated as courts of general jurisdiction for the purposes of such presumption. (*Foot* v. *Stevens, supra,* and cases cited; *Starbuck* v. *Murray,* 5 Wend. 148.) Limitation of jurisdiction does not necessarily imply inferiority of the court. (*Hart* v. *Seixas,* 21 Wend. 40; *Pea-*

*cock* v. *Bell*, 1 Saund. 73.) By article 4, section 1, of the Constitution of the United States, full faith and credit is to be given in each State, to the public acts, records and judicial proceedings in any other State, and we are of the opinion that the record of a judgment of a Court of Common Pleas of a county in another State, in the absence of evidence to the contrary, is to be regarded as a judgment of a court of general jurisdiction, entitled to every presumption in favor of its validity and regularity.

A further objection was made to the introduction of the record that it disclosed upon its face that there was no jurisdiction acquired of the defendant. The intendment of the law is that a court of general jurisdiction, rendering judgment, had acquired jurisdiction both of the subject-matter and of the person; but if it appears by the record that the defendant was not served with process, and did not appear in person or by attorney, the judgment is void as a judgment in *personam*. (*Shumway* v. *Stillman*, 6 Wend. 447; *Bosworth* v. *Vandewalker*, 53 N. Y. 597, and cases cited.) The special ground of the objection we are now considering is, that it does appear by the record that there was no personal service of the summons upon any officer or agent of the corporation, it being claimed that the service upon the insurance commissioner of Pennsylvania, was not a service upon the defendant. But in connection with the record, the plaintiff put in evidence a statute of Pennsylvania, passed April 4, 1873, establishing an insurance department in that State. By the thirteenth section of that act it is provided that no insurance company not of that State, nor its agents, shall do business in the State until a written stipulation has been filed with the insurance commissioner of the State, duly authenticated by the company, " agreeing that any legal process affecting the company, served on the insurance commissioner, or the party designated by him, or the agent specified by the company to receive service of process for the said company, shall have the same effect as if served personally on the company within the State, and if such company should cease to maintain such agent in this State so desig-

nated, such process may thereafter be served on the insurance commissioner." If this statute by its true construction authorizes service to be made in all cases on the insurance commissioner, then judgment obtained after service upon the commissioner stands on the same footing as if service was made upon the officer or agent of the company. (*Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114; 20 Am. Rep. 513.) These cases determine that where an insurance company of one State does business in another, under a provision of the statute of the latter State, which makes service of process upon the designated person within such State equivalent to personal service on the corporation, the company is deemed to assent to be bound by a judgment rendered upon such service. The provision in the Pennsylvania statute is not free from obscurity, and it is claimed by the defendant that service upon the insurance commissioner is only authorized when the company ceases to maintain an agent in that State. But this, we think, is not the true construction of the statute. The service is authorized to be made upon the insurance commissioner, or the party designated by him, or the agent specified by the company, and the provision in respect to service on the insurance commissioner when the company shall cease to maintain an agent in Pennsylvania, seems to have been intended to protect the company against being bound by service on a former agent who may have ceased to be such at the time of the commencement of the action. Reading the record, therefore, in connection with the statute, the service upon the insurance commissioner was a service authorized by the act, if the company had made the written stipulation provided by the thirteenth section. There is no direct proof that such stipulation was made, but the pleadings admit that the corporation was engaged in the business of fire insurance in the State of Pennsylvania, under, and by virtue of the laws of that State, and continued such business until on or about January 8, 1878. It would, therefore, have been illegal for the company to have entered into a contract with the plaintiff, or to have conducted its business in Pennsylvania without a compliance with the law

requiring such stipulation, and it must be presumed that the company complied with the law, and was not engaged in an illegal business. The contract may not have been void as to the plaintiff although no such stipulation was given, because the prohibition is aimed at the company, and not against the insured. But, we think, the principle applies, stated by STORY, J., in the *Bank of the U. S.* v. *Dandridge* (12 Wheat. 79), that acts done by a corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter, and that upon this principle it must be presumed, in the absence of evidence, that the company complied with the act.

The defendant on the trial of this case, offered to show as a defense to the action, a breach by the plaintiff of a condition in the policy, which provided that all persons having a claim under the policy, should give immediate notice to the company, with the number of the policy and name of the agent, etc. But the court ruled that the judgment in Pennsylvania was conclusive upon the defendant as to any defense which might have been made in the action in which the judgment was rendered. It was also claimed by the defendant that having been appointed receiver of the Homestead Fire Insurance Company before the commencement of the suit in Pennsylvania, no action could, after such appointment, be maintained against the company upon the policy. The only evidence as to the character of the receivership of the defendant, is found in the admission in the answer of the allegation in the complaint, that the defendant Woolworth was duly appointed receiver of the estate, property and effects of the Homestead Fire Insurance Company. It was not claimed on the trial, nor is it now claimed, that the company has been dissolved, and no such inference arises upon the evidence in the case. Upon this state of facts, it is clear that the plaintiff was not debarred by the appointment of a receiver of its property and effects, from maintaining an action against the corporation on the contract of insurance. Until judgment dissolving the corporation and ending its existence, the contract could be enforced against the company as well after as before the appointment of the re-

ceiver. This was decided in the case of *Kincaid* v. *Dwinelle* (59 N. Y. 548). The case is analogous to that of a suit brought against a debtor for the recovery of a debt, after a general assignment of his property made to a trustee for the benefit of creditors. The contract between the debtor and creditor would still subsist, and could be enforced by suit against the debtor, and a judgment between the original parties on the contract would necessarily establish the existence and extent of the obligation between them, as well as against a trustee of his estate for the benefit of creditors. Whether it would give a priority in respect to payment of the claim, is another and quite independent question. And in this case the judgment against the company, established as against the receiver the amount of the debt or claim of the plaintiff upon the policy, and the receiver had no right to reagitate questions litigated in the action against the company, or to interpose any defense on the merits which might have been taken in the action in which the judgment was rendered. The receiver holds the property and estate of the corporation as the officer of the court, for the purpose of distribution under the direction of the court among creditors and stockholders, and in the absence of fraud or collusion, neither of which is alleged in respect to the Pennsylvania judgment, the receiver and the other creditors are bound thereby. If any reason existed to question the judgment against the company, it was the duty of the receiver to have applied to the court rendering it, to reopen the judgment, and to be permitted to defend. We are therefore of the opinion that the exception taken by the defendant to the ruling that the judgment conclusively established the amount of the debt, cannot prevail. It will be for the court to direct the receiver in respect to the payment of creditors, and their respective priorities. These are the only questions brought to our attention by the counsel for the appellant.

We are of opinion that none of the exceptions upon which the defendant relies are tenable, and the judgment should therefore be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.