MURPHY *v.* MARSCHEIDER.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

1. EVIDENCE—DOCUMENTS—COPY OF JUDGMENT.

A copy of a foreign judgment is admissible in evidence, when authenticated by the certificate under seal of the prothonotary of the court in which the judgment was rendered, and the certificate is certified by the presiding judge of the court to be in due form of law, and made by the proper officer, and the certificate of the judge is further authenticated by another certificate of the prothonotary under the seal of the court.

2. JUDGMENT—ACTION ON—PRESUMPTION.

In an action on a foreign judgment, where the exemplification of the judgment shows that all proceedings to and including the entry of the judgment and the issuing of executions followed in due order, it will be presumed that the court had authority to entertain and consummate the proceedings, and the burden is on defendant to allege and prove the contrary.

Appeal from circuit court, New York county.

Action by James Murphy against Edward Marscheider on a judgment. Judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BRADY, JJ.

*Joseph C. Wolff*, for appellant.   *Albert H. Atterbury*, for respondent.

DANIELS, J.   The verdict was recovered for the amount unpaid upon a judgment recovered by the plaintiff against the defendant in the court of common pleas of Monroe county, in the state of Pennsylvania.   This judgment was authenticated by the certificate under seal of the prothonotary of the court of common pleas of Monroe county, and the certificate was certified by the presiding judge of the court to be in due form of law, and made by the proper officer, and the certificate of the judge was further authenticated by another certificate of the prothonotary under the seal of the court, and that was sufficient to entitle the authenticated copy of the judgment to be read in evidence upon the trial of the action.   *Pringle* v. *Woolworth*, 90 N. Y. 502. This exemplification of the judgment showed that the summons was issued in the action in the court of common pleas, and personally served by the sheriff upon the defendant, to whom the officer certified he delivered an attested copy of the summons.   That gave the court jurisdiction over the person of the defendant.   In the December term of the same year an order was made for the selection of arbitrators to try the matters in variance in the action. This order appears by the affidavit of the sheriff to have been personally served upon the defendant, and after that, and in the same term, it is stated in the judgment that it was agreed that the order of reference should be stricken off, at the cost of the defendant, and judgment entered against him in favor of the plaintiff for the sum of $1,009.50, with costs of suit, and accompanied by a release of errors; and the prothonotary of the court was directed to enter judgment in accordance with the agreement, and judgment was thereupon afterwards entered by virtue of this authority.   The record contains no direct statement that the stipulation for vacating the order of reference and the entry of judgment was subscribed by the defendant, but that may be inferred to have been the fact by reason of his identity in name, as that appears by the stipulation.   *Trebilcox* v. *McAlpine*, 46 Hun, 469.   All the proceedings in the action, to and including the entry of judgment and the issuing of executions for its enforcement, appear to have followed in regular and consecutive order; and it is to be presumed, from what is recorded to have taken place, that the court of common pleas of Monroe county was a court of general jurisdiction, having authority to entertain and consummate this proceeding.   *Pringle* v. *Woolworth, supra; Galpin* v. *Page,* 18 Wall. 350.   If the facts had been otherwise, it was for the defendant to prove them to be so, and that he was at liberty to do by putting the jurisdiction of the court in issue by his answer. *Thompson* v. *Whitman,* 18 Wall. 457.   No such proof was offered in his behalf, but the case was left to stand entirely upon the effect to be given to this authenticated copy of the record, and upon that the plaintiff was entitled to judgment for the balance appearing to remain unpaid by the record.   He obtained no more, and the judgment should be affirmed, with costs.   All concur.