## FUCHS v. DEVLIN et al.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

MORTGAGES—FORECLOSURE—RECITALS OF JUDGMENT.

A judgment of foreclosure and sale of mortgaged property recited that the summons in the action was duly served on all the defendants therein, and that one of them was an infant, and appeared by her guardian *ad litem.* *Held,* that such recital was *prima facie* evidence of the service of summons on said infant, sufficient to sustain the jurisdiction of the court as to her. Following *Bosworth* v. *Vandewalker,* 53 N. Y. 597, and *Pringle* v. *Woolworth,* 90 N. Y. 508.

Appeal from circuit court, New York county.

Action of ejectment by Amelia Fuchs against Francis C. Devlin and others. Plaintiff appeals from a judgment for defendants, entered on a verdict directed by the court.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Lexow & Leo,* (*Leopold Leo,* of counsel,) for appellant. *Bernard Zwinge* and *Francis C. Devlin,* (*William H. Arnoux,* of counsel,) for respondents.

BRADY, J. The defendants in the action were in possession, and claimed title under a foreclosure and sale of the premises in question in an action brought by Charles P. Kirtland, committee, etc., against the plaintiff, who was then an infant, and others. The judgment in the foreclosure suit was entered in 1857. The plaintiff's right to recover was based upon the asserted fact that in the foreclosure suit she has not been served with process; and whether she was served or not constituted the main issue in the present action. The judgment in the foreclosure suit, which was produced upon the

trial, contained a recital as follows: "The summons in this action having been duly served on all the defendants therein, and all the defendants having appeared except the defendant Sole, and none of the defendants being infants except the said Amelia Fuchs, who appeared by her guardian *ad litem*, and on reading and filing the affidavit of J. B. Somers proving such service of summons in this action," etc. It thus appeared that the decree of foreclosure recited that all the defendants were served, and that the plaintiff herein, who was then an infant, appeared by her guardian *ad litem*, and that was sufficient to prove service upon the plaintiff of the summons and complaint in the foreclosure suit, upon the authorities to which reference will be made. It is so explicitly decided in the case of *Bosworth* v. *Vandewalker*, 53 N. Y. 597, which was followed by a similar ruling in *Pringle* v. *Woolworth*, 90 N. Y. 508, which was not assailed or in any way infringed in the case of *Ingersoll* v. *Mangam*, 84 N. Y. 622, inasmuch as it was admitted in that case that the infant had not been served with summons in the suit, and the contention was that the appearance by the guardian *ad litem* was voluntary, which was entirely different from the question presented in this case. It was said in *Bosworth* v. *Vandewalker* that the record of a judgment is *prima facie* evidence, and will be held conclusive until clearly and explicitly disproved; and the recitals therein may be used to establish jurisdiction. These general rules, it was further said, apply as well in the case of an infant defendant as of an adult. It is only in a case where the defendant neither answers the complaint nor appears in the action that proof of the service of summons must appear upon the judgment roll. Proof of service of the summons upon the infant is not requisite to perfect the judgment roll. Its absence is not a fatal objection. The judgment showing the service of the summons upon all the defendants is sufficient to show service upon the infants, and to sustain the jurisdiction of the court as to such infant defendants. In *Pringle* v. *Woolworth*, hereinbefore cited, it was said that the intendment of the law is that a court of general jurisdiction has jurisdiction both of the subject-matter and of the person; but if it appears by the record that the defendant was not served with process, and that he did not appear in person nor by attorney, the judgment was void as a judgment *in personam*. And, again, it was held in *Ferguson* v. *Crawford*, 86 N. Y. 611, that every intendment is in favor of the validity of a judgment. The burden of proving the irregularity is upon the party questioning it, and the proof should be most satisfactory to deprive the judgment of its effect. This action is one in which the plaintiff seeks rather to recover on the weakness of the defendants' title than upon the strength of her own,—an attempt which has not heretofore been successful in the administration of the law relating to actions of ejectment, and is not likely to be successful here. It was the duty of the plaintiff, when confronted with the testimony to which reference has been made, to establish, by competent evidence relating to the subject of the service, that it had not been made. No such proof was given, although the defendants, by evidence *aliunde* the record, sustained the service upon the plaintiff as recited in the judgment record, and as contended for by the defendants in defense of their title. The counsel for the appellant relied upon what must be regarded, in view of the authorities, as a technical criticism upon the character of the record; and this was substantially all that his case presented. An examination of the exceptions requires no change in the conclusion arrived at herein, namely, that the judgment appealed from should be affirmed, with costs. The question considered and disposed of embraces all the merits presented, and determines the whole appeal. Ordered accordingly. All concur.