(17 Misc. Rep. 481.)

### In re BRUYN'S ESTATE.

(Surrogate's Court, Ulster County. June, 1895.)

JUDGMENT OF DIVORCE—EFFECT IN ANOTHER STATE.
    The courts of New York will recognize as valid a decree of divorce rendered in another state by a court of competent jurisdiction, in an action by the husband, a former resident of New York, where the wife, who remained a resident of New York, appeared by attorney.

Separate applications by Charlettie Devoe Bruyn and by Charlotte A. Bruyn, each claiming to be the widow of Richard G. Bruyn, deceased, for letters of administration on his estate. Letters granted to Charlotte A. Bruyn.

S. G. Carpenter, for Charlotte A. Bruyn, petitioner, and special guardian for Charles D. Bruyn and Eunice H. Bruyn, her infant children.

A. D. Lent, for Charlettie D. Bruyn, and for Minnie Bruyn, her daughter.

BETTS, S.   Richard G. Bruyn died at the town of Plattekill, in this county, on the 21st day of November, 1894, possessed of certain personal property.   Shortly thereafter a petition was filed in this court by one Charlettie Devoe Bruyn, claiming to be the widow of said Richard G. Bruyn, and asking to have letters of administration upon his estate issued to her.   Three days later a petition was filed in this court by Charlotte A. Bruyn, claiming to be the widow of the same Richard G. Bruyn, and asking to have letters of administration upon his estate issued to her.   A citation was issued, and the two alleged widows and their children were brought into court.   Upon the hearing it appeared that Richard G. Bruyn and Charlettie Devoe were married in Highland, in this county, December 4, 1870, and that they had one child, Minnie Bruyn, as a result of that union, who is now past 21 years of age.   It also appeared that Richard G. Bruyn and Charlettie D. lived together for only a short period of time, when they separated, and that subsequently, and in or about the year 1881, Richard G. Bruyn went to the then territory of Dakota, and in the month of November, 1881, commenced an action for divorce in the Third judicial district of that territory, in the district court in and for Cass county, against his wife, Charlettie, who then was, and always since has been, a resident of this state and county.   The summons and complaint in that action were personally served upon the defendant, Charlettie Bruyn, at Highland, in this county, on November 23, 1881; and in the month of December, 1881, the defendant, Charlettie Bruyn, appeared in that action, and defended the same by her verified answer, duly sworn to, on the 7th day of December, 1881, which answer was duly filed in the Dakota court.   Such further proceedings were had in Dakota that on the 23d day of October, 1882, a decree was entered, reciting that the defendant, Charlettie Bruyn, duly appeared in this action by A. D. Lent, Esq., her attorney, and duly made answer to the complaint herein by answer verified by her own signature and oath, and finding, among other things, that that court had jurisdiction of the cause of action and the parties, and that the plaintiff was entitled to the relief demanded in the complaint, and adjudging and decreeing that "the marriage heretofore and now existing between the plaintiff herein, Richard G. Bruyn, and Charlettie Bruyn, the defendant herein, be, and the same is hereby, dissolved, and that the said Richard G. Bruyn, the plaintiff, be, and he hereby is, divorced from the said Charlettie Bruyn, the defendant."   It further appeared that on or about the 19th day of June, 1883, the same Richard G. Bruyn, now deceased, describing himself as of Fargo, Dak. T., was married to Charlotte A. Wiltsie, of Clintondale, N. Y., at Danbury, state of Connecticut, in accordance with the laws of the state of Connecticut, by Curtiss C. Hoyt, a justice of the peace for Fairfield county, in the state of Connecticut, and from this union there were born two children, now living; the oldest, Eunice H. Bruyn, 10 years of age, and the son, Charles D. Bruyn, 5 years of age.

The single question now before me is, which one of these women, Charlotte A. Bruyn or Charlettie D. Bruyn, is the widow of said

Richard G. Bruyn, and as such entitled to letters of administration upon his estate? By article 4, § 1, of the constitution of the United States it is provided that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and the congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof. Congress has prescribed that they shall have such effect in every court within the United States as they have by law or usage in the courts in the states in which they are taken. Act Cong. May 26, 1790, c. 11; Rev. St. U. S. p. 170, § 905. It was held in this state in an early case, by Mr. Justice Marcy, that if the jurisdiction of the court of another state as to the subject-matter or person is not impeached, the record of such judgment is entitled to full faith and credit. Starbuck v. Murray, 5 Wend. 148. In Shumway v. Stillman, 6 Wend. 447, decided in 1831, it is held that an examination of the cases results in the establishment of the following proposition: That the judgment of a court of general jurisdiction, in any state in the Union, is equally conclusive upon the parties in all the other states as in the state in which it is recovered. This, however, is subject to two qualifications: First, if it appear by the record that the defendant was not served with process, and did not appear in person or by attorney, such judgment is void; and, second, if it appear by the record that the defendant appeared by attorney, the defendant may disprove the authority of such attorney to appear for him. And this case is quoted approvingly in Pringle v. Woolworth, 90 N. Y. 502, where it is held in an opinion by Chief Judge Andrews that the record of a judgment of a court of common pleas of a county in another state, in the absence of evidence to the contrary, is to be regarded as a judgment of a court of general jurisdiction, and is entitled to every presumption in favor of its validity and regularity. And the same principle held in Shumway v. Stillman was approved in our court of appeals in Teel v. Yost, 128 N. Y. 391, 28 N. E. 353.

No attempt has been made in this case to deny or disclaim the authority of the attorney employed to appear in the Dakota court, nor could it well be denied, since the answer was verified by the then defendant herself. It was held in Kinnier v. Kinnier, 45 N. Y. 535, where the husband, a former resident of Massachusetts, went to Illinois, and began an action for divorce, for a cause that could not be recognized as sufficient in Massachusetts, and the wife went to Illinois, appeared in the action, and put in an answer, that the court had jurisdiction of the subject-matter of the action; that is, it had jurisdiction to decree a divorce according to the laws of that state. And every state has the right to determine for itself the ground upon which it will dissolve the marriage relation of those within its jurisdiction. The court also had jurisdiction of the parties by the voluntary appearance of the defendant, and that, as regards the validity in this state of the decree of a court of competent jurisdiction in a sister state, the status of the parties within that state, and the question whether they, or any of them, were residents of that state, so as to give them a standing in court there

for the purpose of such decree, are to be determined by that court, and its determination thereupon cannot be questioned collaterally in our own. Jurisdiction of the person may be acquired by consent. The jurisdiction of the person may be acquired by consent, although not of the subject-matter, and it is well settled that a general appearance of the defendant in an action is equivalent to personal service of process. Jones v. Jones, 108 N. Y. 415, 15 N. E. 707. In Hunt v. Hunt, 72 N. Y. 217, Justice Folger says:

"I think that the result of the decisions of this state at this time is this: That when courts of another state have jurisdiction of the subject-matter and of the person, they are to be credited collaterally; that jurisdiction of the subject-matter is to be tested by the powers conferred by the constitution and laws of the other state; and that, as to jurisdiction of the person, they go no further against it than that if the defendant is a domiciled citizen of this state, jurisdiction of him by the courts of another state is not acquired save by personal service of process or his voluntary appearance."

It seems to be conceded by the parties to this proceeding that the district courts of Dakota territory had jurisdiction in a proper case to decree a valid divorce. Under the decisions of the highest court of this state, the Dakota courts acquired jurisdiction of Charlettie D. Bruyn by her voluntary appearance there, and submitting her sworn answer in the action there pending against her.

Relief from the decree of that court, if oppressive to her, should have been sought in the forum to which she, of her own volition, submitted her rights. It is too late, after the lapse of 12 years, for her to come into the courts of her own state, and ask to have the judgment obtained in Dakota set aside in a collateral proceeding. Either Richard G. Bruyn was legally divorced, and his first wife knew it, and acquiesced in it, or else she maintained a strange quiet and reticence for 12 years, within a few miles of where her husband resided with another woman, claiming to be his wife, and rearing another family of children. The number of her sex who would quietly submit to treatment of that kind, if her claim is correct, is small, and under the awakening spirit of asserting and maintaining their rights, now so prevalent, the proportion is not likely to increase. It was held in Re Estate of Ensign, 103 N. Y. 284, 8 N. E. 544, that a divorced wife, whether the divorce was granted because of the misconduct of herself or her husband, is not entitled, if he die intestate, to administration, or to a distributive share of his personal estate. I consider that the decree of divorce, by her voluntary appearance and submission to the Dakota jurisdiction, presents an insuperable barrier to the issuance of letters of administration in this estate to Charlettie D. Bruyn.

The marriage of Richard G. Bruyn and Charlotte A. Wiltsie in the state of Connecticut was in conformity to the laws of that state, and the validity of such a marriage contract is to be determined by the laws of the state where it was entered into. If valid there, it is to be recognized as such by the courts of this state, unless contrary to the prohibitions of natural law or the express provisions of a statute. Van Voorhis v. Brintnall, 86 N. Y. 18; Thorp v. Thorp, 90 N. Y. 602; Moore v. Hegeman, 92 N. Y. 521.

From such examination of the authorities as I have been able to

give, and from my opinion of the law applicable to this case, I have concluded that letters of administration upon the goods, chattels, and credits which were of Richard G. Bruyn, deceased, should be issued to Charlotte A. Bruyn upon her filing a proper bond, and an order may be handed up to that effect.

Ordered accordingly.