FEDERAL DEBENTURE COMPANY, INCORPORATED, Appellant, v. THE HARRIMAN NATIONAL BANK AND TRUST COMPANY OF THE CITY OF NEW YORK, Respondent.

First Department, June 10, 1938.

*Henry B. Johnson* of counsel [*Ralph Q. Kelly* with him on the brief; *Niles & Johnson,* attorneys], for the appellant.

*Martin Conboy* of counsel [*David Asch* and *Hobart L. Brinsmade* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys], for the respondent.

CALLAHAN, J. The action was commenced in August, 1937, to recover damages for false representations in the sale of shares of stock of defendant to plaintiff. Said representations were alleged to have been made on September 3, 1931.

The answer sets up as a separate defense that on October 16, 1933, the Comptroller of the Currency found the defendant (a national banking institution) insolvent and appointed a receiver thereof.

The defense attacked pleads, in substance, that the cause of action accrued more than three years prior to the commencement of the action, and is barred by the Statute of Limitations. The statute relied upon by defendant is subdivision 5 of section 49 of the Civil Practice Act. This section requires that an action against a receiver of an insolvent debtor, where the action is brought to recover a chattel, or damages for taking, detaining or injuring personal property by the defendant, or the person whom he represents, must be brought within three years after the cause of action accrues.

Plaintiff contends on the other hand that the Statute of Limitations applicable is to be found in subdivision 5 of section 48 of the Civil Practice Act, which provides a six-year Statute of Limitations where any action is brought to procure a judgment on the ground of fraud.

There are two (2) preliminary questions presented by the appeal:

(1) Is the present action one against the receiver of an insolvent debtor? and

(2) Is it an action brought to recover damages for injuring personal property?

An action for false representation by a bank in the sale of its shares is properly brought against the bank in its own name after the appointment of a receiver and the receiver is not a necessary party thereto. (*Pringle* v. *Woolworth,* 90 N. Y. 502; *Gray* v. *First Nat. Bank & Trust Co.,* 263 id. 479, at p. 484.)

The right to sue an insolvent corporate debtor in its own name was established long before the re-enactment of section 49 of the

Civil Practice Act in 1920. We think that if the Legislature intended to include in said section an action brought against the debtor which the receiver represents, it would have so provided.

We find nothing in the cases cited by Special Term (*Gray* v. *First Nat. Bank & Trust Co.*, 263 N. Y. 479; *City of Mount Vernon* v. *Best Development Co.*, 268 id. 330) requiring a different conclusion. The circumstance that, as indicated in these cases, a judgment against an insolvent national bank may be collected only after some procedural steps are taken by the receiver, does not alter the right to sue the bank.

Further, we find that this action is not one brought to recover damages for injuring personal property within the meaning of subdivision 5 of section 49 of the Civil Practice Act. Though, under some circumstances, an action for fraud may be considered one resulting in an injury to personal property, the adoption of subdivision 5 of section 48, providing a six-year Statute of Limitations for any action to procure a judgment on the ground of fraud, indicates the legislative intention that subdivision 5 of section 49 should not apply to any such action.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.