## KUNDOLF *vs.* THALHEIMER and others.

It is well settled that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and that on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged.

County courts are not inferior courts, in the sense that every thing is required to be specifically certified, upon their records, under the penalty of their judgments being liable to be attacked and avoided collaterally.

Jurisdiction will be intended, in their favor, when the contrary does not expressly appear.

APPEAL by the defendants from a judgment of the county court of Monroe county. The action was for an assault and battery. The complaint was general, without any allegation as to the residence of the defendants. The answer denied the complaint, and also set forth a justification, on the ground that the defendants were a committee of St. Peter's church, in Rochester, and were engaged in keeping the doors closed, when the plaintiff attempted to open them by force, and the alleged assault was made in resisting such attempt.

The action was tried at the September term, 1853, and a verdict of fifty dollars rendered against the defendants; upon which judgment was entered for the plaintiff. The defendants appealed to this court.

Kundolf *v.* Thalheimer.

*J. C. Cochrane,* for the appellants, insisted that it did not appear from the record that the county court had jurisdiction of the cause of action; there being no allegation that the defendants were residents of Monroe county at the time the action was commenced. And that, the county court being an inferior court, it was necessary that fact should be expressly alleged.

*Bishop & Rawson,* for the respondent. I. The record shows that the court had jurisdiction of the subject matter of the action. (*Code,* § 30.) It appears by the record that on the 2d day of January the defendants were all in Rochester, and committed the assault and battery complained of. They cannot ask the court to infer that they had come from another county to commit the injury. Again, they were the committee of the church in Rochester, and were in actual possession and resisting the entry of the plaintiff. They cannot ask the court to presume they resided in one county and were in the actual possession of property in another. After verdict, all presumptions from the facts shown are to be construed in favor of upholding the verdict. II. The defendants, by appearing, trying the action, and allowing judgment to be entered, without objecting to the jurisdiction of the court over their persons, have waived their right to raise such objection. (*Coke's Lit.* 127, *b.* 2 *Caines' Cases,* 39. 10 *Wend.* 600. *Peters' C. C. R.* 489. 6 *Barb.* 613. 11 *Illinois,* 432.) III. The county court having *original jurisdiction and proceeding according to the course of the common law,* is a "superior court" within the common law meaning of that term, and is presumed to have acted within its jurisdiction. (*Peacock* v. *Bell,* 1 *Saund.* 74. 19 *Car.* 2. 3 *East,* 61. *Rex* v. *Peckham, Carth.* 406.) In 17 *Wend.* 483, and 21 *Id.* 40, Justice Cowen says: "I understand the case of *Peacock* v. *Bell,* (1 *Saund.* 74,) as speaking of the manner in which courts are to treat records which are brought before them on writs of error."

*By the Court,* JOHNSON, J. The only point made on the part of the appellants is, that it does not appear from the record that the county court in which the action was brought and tried

had jurisdiction of the cause of action, there being no allegation that the defendants were all residents of Monroe county at the time of the commencement of the action. No such question appears to have been raised upon the trial, and nothing of the kind was set up by way of defense in the answer of the defendants. It is clear enough that had it appeared by the record that at the time of the commencement of the action, the defendants or some of them resided out of the county, the judgment would be set aside for want of jurisdiction in the court to entertain the action. And the same rule would follow, if the county courts as now organized are to be treated as inferior courts of limited jurisdiction, in the technical sense of the term, like courts of justices of the peace and surrogates' courts; inasmuch as it does not affirmatively appear by the record in this case that the defendants were all or any of them residents of the county of Monroe when the action was commenced. It has long been well settled both in this state and in England, that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so; and on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged. (*Peacock* v. *Bell,* 1 *Saund.* 74.) In a very early case in our own court, (*Jones & Crawford* v. *Reed,* 1 *John. Cas.* 20,) the rule was laid down, " that courts of inferior jurisdiction not proceeding according to the course of the common law, are confined strictly to the authority given them: they can take nothing by implication, but must show the power expressly given them, in every instance." These cases contain the true rule upon the subject, as uniformly acted upon and understood. The question then arises, are the county courts superior or inferior courts, in the technical sense of those terms. That they are not courts of general original jurisdiction, is clear. They are, however, courts of original jurisdiction as to all matters of which by the statute they are permitted to take cognizance. (*Const.* 1846, *art.* 6, § 14. *Code,* § 30.) I am not aware that this question has ever been decided in a case where the point has directly arisen, and I shall

Kundolf *v.* Thalheimer.

therefore examine it as an original question, by such lights as authority and analogy may afford.

It was well settled that jurisdiction would be presumed in favor of the late courts of common pleas where it did not appear upon the records. (*Foot* v. *Stevens*, 17 *Wend.* 483. *Hart* v. *Seixas*, 21 *Id.* 40.) But they were held to be courts of general jurisdiction, as well as courts of record, proceeding according to the course of the common law. Whereas the jurisdiction of county courts is limited by statute, in civil actions, to cases where the claim does not exceed $500 and the defendants are all residents of the county where the action is commenced. But they are, nevertheless, courts of record, and proceed according to the course of the common law, each having a clerk and a seal. Although their jurisdiction is limited and prescribed by statute, their practice is not, any more than that of the supreme court; but they proceed as does this court, according to the course of the common law, and are governed by the same rules and practice. They have not the same powers which pertained to the old courts of common pleas, it is true; but while in some respects their powers have been curtailed, or to speak more accurately, powers to the same extent have not been conferred, in other respects new powers have been added, far beyond what the old courts of common pleas ever possessed. So that if the question of superiority or inferiority between these courts and the late courts of common pleas were to depend upon which courts had the most numerous and extensive powers, it might be somewhat difficult to determine which of the two was the superior court. "All courts," says Ch. Justice Marshall in *Kempe's Lessee* v. *Kennedy*, (5 *Cranch*, 173,) "from which an appeal lies are inferior courts in relation to the appellate courts to which their judgments may be carried, but they are not therefore inferior courts in the technical sense of those words. They apply to courts of special and limited jurisdiction, which are erected on such principles that their judgments, taken alone, are entirely disregarded, and the proceedings must show their jurisdiction."

Surrogates' courts have been repeatedly held to be inferior

courts, and they are obviously so. For although they are courts of record they have no common law powers, and do not proceed according to the course of the common law, but according to the statute, like a justice's court. And this I take to be the true distinction between superior and inferior courts, which are in any legal sense courts of record.

County courts are courts of general jurisdiction as to kinds or classes of civil actions, and are in no respect limited, except by the amount of the claim and the non-residence of the defendants in the county, or some of them, where the action is commenced. In the leading case upon this question, that of *Peacock* v. *Bell*, (*supra*,) which was brought before the king's bench on writ of error from the court of the county palatine of Durham, the error alleged was, that it did not appear from the record that the contract upon which the action was brought was made within the jurisdiction of the court, whereas by statute the court had no right to try any cause which arose upon a contract made in another county. That the declaration only alleged an *indebtedness* by the defendant at the city of Durham, which would be true if the contract was made elsewhere, and out of the county. But the court held that although both the court of the county palatine, and the common bench, were inferior to that court, they were not inferior courts in the sense that every thing must be certified precisely upon the record; and that they would take notice of the jurisdiction of such courts, and intend that the contract was made within the jurisdiction, if the contrary did not appear. These courts of county palatine were of the species denominated private courts, and had but a limited local jurisdiction, but they had cognizance of actions both in law and equity.

The question is not whether the court in question is inferior or superior to some other court, but whether it is inferior in the sense that every thing is required to be specifically certified upon its records; and if it is not so, its judgments may be attacked and avoided collaterally. I am clearly of opinion that in that sense county courts are superior courts.

They are in their nature, constitution, machinery and practice, common law courts. They are held by judges, and prac-

Kundolf v. Thalheimer.

ticed in only by attorneys admitted upon examination to practice, and presumed to be learned in the law. Their records come within the class of records and proceedings contemplated by the act of congress, entitled, when duly authenticated, to full faith and credit in other states. The result would, I think, be the same, if the question were to turn upon the fact of their being courts of original jurisdiction or otherwise. If by original jurisdiction is to be understood jurisdiction independent of any statute, they could not be considered courts of that character. Bouvier says, "jurisdiction is original when it is conferred on the court in the first instance, which is called original jurisdiction." (*Bouv. Law Dic. tit. Jurisdiction.*) In this sense, which is only in contradistinction to appellate jurisdiction, their jurisdiction would be regarded as original. But whatever may be the original and true legal interpretation of the phrase, it was, I apprehend, the design of the framers of the constitution, and of the legislature which enacted the code, to give them original jurisdiction in that sense which should make them superior courts, or at least to place them upon an equal footing with those courts which do possess it in the strict sense, as to all matters within the sphere prescribed to them. The language both of the constitution and the code clearly, I think, indicates this. By the judiciary act, § 29, it was provided that nothing in that section should be deemed to confer original jurisdiction upon those courts in any action known to the common law. The code has, however, changed this, and gives them, within the limits prescribed, original jurisdiction in all civil actions. And this is in accordance with the provision of the constitution. I conclude, therefore, that in regard to county courts, jurisdiction will be intended in their favor when the contrary does not expressly appear.

If the defense really existed, the defendants should have set it up in their answer; not having done so, either in the answer or by their evidence upon the trial, it will not be presumed in their behalf to have existed. It was urged by the plaintiff's counsel that even if it was to be presumed the defendants or some of them were non-residents, where the contrary did not

Kundolf *v.* Thalheimer

expressly appear, the defendants waived the objection by appearing and going to trial without objection. But this is not so. If the defendants, or any of them, were in fact non-residents when the action was commenced, the court had no jurisdiction of the matter, any more than it would have had, had the claim been for $1000. It is the law which gives jurisdiction, and the consent of the parties cannot confer it in a case which the law excludes. Where some personal privilege exempts the party from the jurisdiction, he may waive it. But in a case like this, whether the court could take cognizance *of the subject matter* or not, depends upon the fact of the defendants' residence in or out of the county at a given period. This the parties could not waive or change by any consent, or any neglect to raise the objection by the pleadings, or upon the trial.

But upon the ground that the presumption is in favor of the defendants' residence in the county of Monroe at the time of the commencement of the action, as regards these courts, I am of opinion the judgment should be affirmed.

Judgment affirmed.

NOTE. This case was decided before the judges had seen the reported case of *Frees* v. *Ford*, (2 *Selden*, 176.) That case was referred to upon the argument by the appellants' counsel, but Mr. Justice Welles, who was a member of the court of appeals when that case was decided, and took part in the decision, understood the point upon which the decision turned was the constitutionality of the act establishing county courts, and not the superior or inferior character of those courts. The question is regarded as one of sufficient importance to justify a report of the case and decision. Not as dissenting from the decision of the court of appeals, but for the purpose of eliciting a fuller and more careful discussion and examination in that court than it would seem to have undergone, should it regard the question as still an open one.

[MONROE GENERAL TERM, March 6, 1854. *Selden, Welles* and *Johnson,* Justices.]