# SUPREME COURT.

### PATRICK BOYLEN agt. JEREMIAH McAVOY.

Where an *infant* defendant in an action of *tort*, appears by attorney and puts in an answer, and a trial and verdict is had, the plaintiff cannot then be allowed on motion, to have a *guardian ad litem* for the infant appointed as of the time of his appearance.

The plaintiff, under his general prayer for relief, may have an order striking out the defendant's appearance and answer by attorney, and vacating all subsequent proceedings, including the verdict, without costs.

*Steuben Special Term, May,* 1865.

ACTION for assault and battery. Defendant appeared and put in answer by attorney. On the trial of the issue

at the January circuit, 1865, it appeared that the defendant was only twenty years of age in May preceding the trial. The plaintiff had a verdict, but no judgment has been entered. The plaintiff now moves, upon affidavit and notice, for the appointment of a guardian *ad litem* for the defendant, as of the time of the appearance; that the appearance and answer be deemed the appearance and answer by such guardian, and the attorney, the attorney of such guardian from the time of such appearance, or for such other relief, rule or order, as may be necessary to a proper determination of the action. It is shown by the affidavit that the first knowledge the plaintiff had of the defendant's infancy was derived from the evidence upon the trial.

Geo. B. Bradley, *for plaintiff.*
Jno. W. Dininny, *for defendant.*

Johnson, J. The specific relief asked by the plaintiff cannot be granted. The irregularity of the appearance and answer of an infant defendant by attorney, and of the trial and verdict upon the issue thus found, is an error of fact, for which a judgment would be reversed or set aside if entered. (*Arnold* agt. *Sandford*, 14 *Johns.* 417; *Kelly* agt. *Clock*, 2 *Code Rep.* 28.) It was never curable by the statute of jeofails, and cannot be obviated in this way against the defendant's objections, although he is now of full age. He may if he chooses waive the irregularity, but the court cannot compel him to abide by his answer and the trial under it, if he elects not to be bound. The statute and the rules of practice which require an infant to appear by guardian *ad litem*, had a substantial object in view, the protection of such persons against what the law adjudges to be their own incompetency to choose attorneys, or to conduct their own litigation, with suitable prudence and discretion.

But the action being for a tort, is well brought. There is no necessity or reason for discontinuing it, as though it had been brought upon a contract by which the infant was not bound. Infants are liable for their torts the same as adults, and the liability may be enforced by action. In actions upon contracts against infants, when a plaintiff is surprised by an answer setting up infancy, or by the proof of such fact upon the trial, it is a common practice to allow him to discontinue his action as against the infant without costs. In analogy to that practice, I think it will be proper in this case to allow the plaintiff to take a rule or order striking out the defendant's appearance and answer by attorney, and vacating all subsequent proceedings including the verdict, without costs, under the general prayer in his notice for relief. The defendant being now of full age, may then put in a new answer or suffer default, as he may choose. The defendant should have twenty days after service of a copy of the order to put in a new answer, or give a stipulation to let the answer already put in stand as his answer in the action, and another trial must be had in either event. No costs of motion to be allowed to either party.