NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1885.

BENEDICT v. COOPER.

*In the matter of the application for revocation of probate of the will of* TUNIS COOPER, *deceased.*

The stenographer of a Surrogate's court is not within the scope of Code Civ. Pro., § 90, which prohibits the appointment of a clerk, deputy-clerk, etc., of a court of record to act as referee, or in other specified capacities, except upon the consent of parties not in default; nor of id., § 2511, which contains a similar prohibition as to a clerk or other employe in a Surrogate's office.

Under the rule of construction established by § 3355 of that Code, §§ 90 and 2511 are to be read together, the prohibition of the last named section being subject to the exception contained in § 90.

In a special proceeding instituted for the revocation of probate of a will, the citation was duly served upon all the necessary parties, including decedent's infant son, a special guardian for whom was, however, neither applied for nor appointed. By the consent of all the parties who appeared and took part in the subsequent hearing, a referee was appointed to take testimony and report the same to the Surrogate; who decided, upon the testimony reported, to revoke the decree of probate. The executors, respondents, opposed the entry of a decree, contending that, because of a failure to appoint a special guardian for the infant party, the order of reference and all subsequent proceedings were unauthorized.—*Held,*

1. That, by the service of the citation upon all the necessary parties, including the infant, the court had acquired jurisdiction of the proceeding and of all the parties thereto;

2. That the testimony taken in pursuance of the consent of parties should not be tossed aside as worthless at the instance of those so consenting;

3. That a special guardian should be appointed for the infant, to ascertain

and report whether it would be for the best interests of the latter to set aside the order of reference and the proceedings subsequent thereto, or that the same should stand, and a decree be entered in conformity with the decision already made.

PETITION by Eli Benedict, executor, and Eliza Cooper, executrix, of decedent's will, for an order to all parties interested to show cause why an order of reference made in a special proceeding for revocation of probate of decedent's will, and all proceedings had thereunder, should not be set aside as void, upon grounds stated in the opinion.

HULL & MEYERS, *for petitioners.*

A. J. ROGERS, *for Tunis B. Cooper and another, contestants.*

THE SURROGATE.—A paper, purporting to be the will of this decedent, was admitted to probate as such in May, 1881.   In April, 1882, a proceeding was commenced for revocation of such probate.   Citations were duly issued, and duly served upon all necessary parties, and, with the consent of all who appeared and took part in the subsequent trial, Edward F. Underhill, Esq., was appointed referee to take testimony and report the same to the Surrogate.   Mr. Underhill proceeded with the examination of such witnesses as were brought before him by the contending parties, and a large volume of evidence was subsequently submitted for my consideration.   In July of last year, I rendered a decision granting the petition for revocation.   No decree, however, has as yet been entered.

My attention is now called to the fact that decedent's infant son has hitherto had no special guardian to represent him and protect his interests.   The

alleged will names his mother, the widow of the dece-
dent, as its executrix and also as one of its chief
beneficiaries.   The widow and her co-executor protest
that no decree should be entered, and that, because
of the failure to appoint a special guardian for the
infant, the order of reference and all subsequent pro-
ceedings were unauthorized and should now be set
aside.   Such a course would involve much expense
and long delay in settling the affairs of this estate.
It is, for that reason, greatly to be deprecated, and
should not be pursued unless it is absolutely una-
voidable.   May it not be avoided?

It is clear that, by the service of citation upon all
the necessary parties to this proceeding, including
the infant, this court acquired jurisdiction of the pro-
ceeding and of all parties thereto (Price v. Fenn,
*ante*, 341, *and cases cited*); any decree, therefore,
that might be entered, even while the infant was still
unrepresented, would not be absolutely void, but
would merely be voidable at the infant's instance
(McMurray v. McMurray, 41 *How. Pr.*, 41; 66 *N. Y.*,
175; Matter of Becker, 28 *Hun*, 207; Boylen v.
McAvoy, 29 *How. Pr.*, 278).   Nevertheless, these
petitioners, being named as executors in the disputed
paper, and having duly qualified as such, are justified
in insisting upon such a disposition of this contro-
versy as shall be conclusive upon all persons inter-
ested therein.

Now, I do not think that, to accomplish this result,
it is essential that I should at once, and without ascer-
taining whether or not such a course would be advan-
tageous for the infant, set aside all the proceedings

since and including the entry of the order of reference. If, upon inquiry properly instituted for that purpose, it shall appear that the best interests of the infant demand that these proceedings shall stand, it will, in my judgment, be the duty of the Surrogate to make decree in conformity with his recent decision.

It is insisted by counsel for the respondents that the entry of the order of reference herein was unauthorized, in view of the limitations upon the Surrogate's authority that are established by § 2546 of the Code of Civil Procedure. That section declares that an appointment of a referee may be made " on the written consent of all the parties appearing." Such consent, in the present case, was given by the petitioners and the respondents, and I must certainly refuse to toss aside as worthless the testimony taken in pursuance of that consent, until I am asked to do so by somebody who was not a party to it (Musgrove v. Lusk, 2 *Tenn. Ch.*, 576). If the special guardian whom I shall appoint to represent the infant shall see fit to raise this objection, it will be again considered.

It is also urged, by counsel for the respondents, that the referee herein was disqualified from holding that office by reason of his being the stenographer of the Surrogate's court. This objection is somewhat ungracious, for counsel does not claim that, at the time he consented to Mr. Underhill's appointment, he was ignorant, either of the fact that the appointee was the court stenographer, or of the statute which is claimed to work the disqualification. But it is no more ungracious than it is unsound. In view of § 3355 of the Code, sections 90 and 2511 must be

construed as if they had simultaneously become law; and, so construed, they simply forbid the appointment of "a clerk or other person employed," etc., except upon the written consent of all the parties (Estate of Thorn, 4 Monthly Law Bulletin, 48). And besides I am of the opinion that the stenographer does not have such a relation to the Surrogate's court or office as to bring him within the scope of either § 90 or § 2511.   See §§ 2508 and 2512.

All in all, the disposition which the court shall make of this whole matter must be governed entirely by what, upon investigation, shall appear to be most advantageous for the infant (Bowen v. Idley, 1 *Edw. Ch.*, 148; Croghan v. Livingston, 17 *N. Y.*, 218; Fulton v. Roosevelt, 1 *Paige*, 178; Levy v. Levy, 3 *Madd.*, 245).   If it shall appear that the infant's share in his father's estate is greater in the contingency of his father's intestacy than in that of the final establishment of the disputed paper as his will—and I am inclined to think that such is the case—then further litigation may be wisely avoided.

A special guardian will be appointed to ascertain and protect the interests of the infant; and, as his interests and those of his mother are or may be adverse, the Surrogate will appoint such special guardian of his own motion after due notice to the infant (Price v. Fenn, *supra*).