Charles J. Leahy, Appellant, *v.* Raymond Hardy, Respondent.
William Trelawney, Appellant, *v.* Raymond Hardy, Respondent.
Joseph J. Rodier, Appellant, *v.* Raymond Hardy, Respondent.

Third Department, January 22, 1929.

*John D. Lyons*, for the appellants.

*Earl S. Jones* [*Philip A. Rorty* of counsel], for the respondent.

PER CURIAM. The basis of the orders dismissing the complaints was that the defendant was an infant and proper service of the summons and complaint had not been made upon him.

The residence of the defendant and that of his parents was at Worcester, Mass. At the time the cause of action arose he was temporarily employed at Liberty, Sullivan county, by a contractor engaged in building a hospital. It was supposed that he was of full age; and after service of the summons and complaint an attorney appeared for him serving answers. It was not until the actions were on the trial calendar that it was discovered that the plaintiff was an infant eighteen years of age.

A motion was made in behalf of the defendant to dismiss the complaint. In the meantime the defendant had returned to his home in Massachusetts and the contractor, by whom he had been employed, had apparently moved elsewhere. Before the return of the motion the plaintiff made service on the hospital corporation and obtained an order from the Supreme Court designating a person on whom the summons might be served, and service was so made.

None of these attempts to perfect service became effectual. Jurisdiction of an action to which an infant is a party defendant is acquired only by the means prescribed by statute. Chiefly the

procedure is contained in the provisions of section 225 of the Civil Practice Act. If the infant is of the age of fourteen years or more, a copy of the summons must be delivered " to his father, mother or guardian, or if there be none within the State, to the person having the care and control of him, or with whom he resides, or in whose service he is employed, and * * * also to the infant in person. The court, in the defendant's interest may make an order, in its discretion, requiring a copy of the summons to be also delivered in behalf of the defendant to a person designated in the order, and that service of the summons shall not be deemed complete until it is so delivered."

The provisions just quoted were not fully met. Service was made only on the infant. To complete the necessary elements of jurisdiction, service should also have been made on one of the other persons mentioned in the statute. (*Ingersoll* v. *Mangam*, 84 N. Y. 622, 624; *Syracuse Savings Bank* v. *Burton*, 6 Civ. Pro. 216.) The service on the hospital corporation was ineffective. It had not been the employer of the defendant. Likewise the service on the person designated in the order was a nullity, for that procedure is an additional protection to the infant when his interests may not be well served by those otherwise authorized to receive process.

It is ancient law that where there has been no guardian *ad litem* appointed for an infant, an appearance in his behalf by an attorney has no legal effect. (*Camp* v. *Bennett*, 16 Wend. 48; *Boylen* v. *McAvoy*, 29 How. Pr. 278; *Hope* v. *Seaman*, 119 N. Y. Supp. 713, 718; modified on other grounds, *sub nom. Hope* v. *Shevill*, 137 App. Div. 86; affd., 204 N. Y. 563.)

It is likely that the plaintiff, having made service on the infant personally, could have completed the service by publication under the provisions of section 232, subdivision 4, of the Civil Practice Act; but no such attempt was made and it is now too late.

The orders should be affirmed, with ten dollars costs and disbursements on one appeal.

Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ., concur.

Orders affirmed, with ten dollars costs and disbursements on one appeal.