KURT ISSEM, an Infant, over the Age of 14 Years, by GUSTOV ISSEM, His Guardian ad Litem, Respondent, *v.* CORNELIUS SLATER, Appellant, Impleaded with ROCCO SPUTO, Defendant.

First Department, May 29, 1941.

*Jesse Blattel* of counsel [*Blatt & Blattel,* attorneys], for the appellant.

*Arthur C. Goldberg* of counsel [*James F. Sharkey* with him on the brief; *Roy P. Monahan,* attorney], for the respondent.

O'MALLEY, J. The motion to vacate the judgment was predicated upon the ground that on the date of the alleged service of the summons the appellant was an infant, seventeen years of age, and that the court never "acquired jurisdiction * * * since the plaintiff did not comply with section 225 of the Civil Practice Act, nor was a guardian *ad litem* ever appointed."

Plaintiff appears not to have submitted any papers in opposition, relying simply upon the presumption that the court had jurisdiction. In support of the motion, an affidavit of one of the defendant's attorneys states that on a prior motion of the defendant to open his default an affidavit submitted in opposition on behalf of plaintiff averred that only the infant was served. The record before us, therefore, shows merely service upon the defendant while he was an infant and fails to disclose service of process upon any of the other persons mentioned in section 225 of the Civil Practice Act.

While proof of service is not a requisite to a judgment roll and jurisdiction is presumed (*Bosworth* v. *Vandewalker,* 53 N. Y. 597, 601; *Lambert* v. *Lambert,* 270 id. 422, 427), we are of opinion that,

because of the allegations in the moving affidavits above referred to, this defendant was entitled to have proper proof made of due service of process upon him. This the plaintiff has failed to do. Since attaining his majority, it is not shown that the defendant or his attorneys participated in the action in any way or ever recognized the validity of the judgment entered after inquest.

The defect in service was jurisdictional and any judgment entered was void, and not voidable, merely. (*Jacobson* v. *Krekell*, 223 App. Div. 440, 441.)

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion to vacate the judgment against him granted.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.