ANNE S. KRIEGER, an Infant, by KARL NYSTROM, Her Guardian ad Litem, Plaintiff, v. LOUIS R. KRIEGER, Defendant.

Supreme Court, Special Term, Queens County, May 18, 1950.

*Philip Brown* for plaintiff.

*Paltrow, Condren & Jensen* for defendant.

HALLINAN, J. In an action for annulment between parties who, at the commencement thereof, had not attained the age of twenty-one years, an answer served in defendant's behalf is sought to be stricken on the ground that it was unauthorized. Plaintiff also asks the court to appoint a guardian ad litem for said defendant to receive a copy of the summons and complaint in this action. One of the attorneys who has appeared for the defendant states that the defendant and his parents have informed him that the allegations of the complaint are not true and that they desire to oppose the action.

Subdivision 1 of section 225 of the Civil Practice Act provides that service of a summons upon an infant defendant " *must be made* " by delivering a copy thereof within the State " to his father, mother or guardian, or if there be none within the state, to the person having the care and control of him, or with whom he resides, or in whose service he is employed," and, if the infant be over fourteen years of age, also to the infant in person. The court may in the defendant's interest make an order requiring a copy of the summons " to be also delivered in behalf of the defendant to a person designated in the order " and " that service * * * shall not be deemed complete until it is so delivered." (Italics supplied.)

Section 202 of the Civil Practice Act provides, so far as applicable here, that " when an infant is a party he *must appear by a guardian ad litem* who shall be appointed by the court in which the action is brought or about to be brought or a judge thereof." (Italics supplied.)

Section 203 of the Civil Practice Act provides, so far as relevant here, that " the guardian must be appointed upon the application of the infant if he is of the age of fourteen years or upwards * * * ; and in the case of an infant defendant if no such application shall have been made the application may be made *by any other party to the action.*" (Italics supplied.)

It is clear that the summons in this action was served only on the defendant and not on any of the other persons designated in section 225, nor has an order been made designating a person upon whom the summons might be delivered in behalf of the defendant. Under these circumstances, the service of the summons and complaint upon the defendant alone was ineffectual and did not confer jurisdiction (*Jacobson* v. *Krekell,* 223 App. Div. 440; *Issem* v. *Slater,* 262 App. Div. 59), and any judgment

or order against the defendant would be void. (*Belcher* v. *Haskell,* 249 App. Div. 251, motion for leave to appeal to the Court of Appeals denied, 273 N. Y. 677; *Issem* v. *Slater, supra.*) The court may not appoint a guardian ad litem for the infant defendant until it has acquired jurisdiction of his person pursuant to the statute. (*Crouter* v. *Crouter,* 133 N. Y. 55, 61.) " Where there has been no guardian *ad litem* appointed for an infant, an appearance in his behalf by an attorney has no legal effect [citing authorities]." (*Leahy* v. *Hardy,* 225 App. Div. 323, 325.)

That the defendant did not challenge the jurisdiction of this court in the first instance cannot alter the fact that the court never acquired jurisdiction, because the mandate of the statute has not been followed. The first step in that process alone has been completed, that is to say, the delivery of the summons upon him personally, but it is still incumbent on the plaintiff to serve the other persons referred to in section 225 of the Civil Practice Act " and when that shall have been done service on the defendant will be complete, and jurisdiction acquired." (*Ward* v. *Ward,* 136 Misc. 234, 235.)

Accordingly, the court is constrained to grant the plaintiff's motion to the extent of vacating the service of the answer. The original service of the summons and complaint upon the defendant personally will not be nullified. The further steps required by section 225 of the Civil Practice Act must, however, be followed. This disposition is without prejudice to the renewal of plaintiff's motion for the appointment of a guardian ad litem, if one is not appointed on the application of the defendant. (Civ. Prac. Act, § 203.) Submit order.