In the Matter of the Estate of DORIS B. SPRING, Deceased. MANLEY BLAKESLEE et al., Appellants; ARTHUR SPRING, Respondent.

Third Department, November 17, 1952.

*Floyd J. Reinhart* for appellants.

*Arthur C. Aulisi* for respondent.

BREWSTER, J.  Petitioners-appellants, parents of the deceased, Doris Blakeslee Spring, appeal from an order of the Surrogate's Court which denied their application to vacate limited letters of administration on the estate of said deceased, theretofore issued to the respondent as her surviving husband, and for an award of general letters of administration to them.

Petitioners sought the vacation of the issued letters upon the ground that respondent, although having been married to the deceased in 1945, had, at her suit, been divorced from her in 1947, by an interlocutory decree granted by the Supreme Court, duly entered August 19, 1947, and which became final on the following November 19th, a certified copy whereof was annexed to the petition.  The respondent, in answer to the aforesaid petition, denied its averments that he was not the surviving husband of said deceased and as a separate answer alleged, in substance, that he was born February 20, 1928, and accordingly was an infant in that he was only a little over nineteen years of age when the summons in the divorce action was served upon him; that no other person was served therein on his behalf pursuant to the requirements of subdivision 1 of section 225 of the Civil Practice Act, and that accordingly the judgment of divorce was null and void on jurisdictional grounds.  On the issues thus tendered a hearing was had before the Surrogate, after respondent had been duly cited.  Thus it was that the aforesaid judgment of divorce was subjected to a collateral attack in the proceeding in the Surrogate's Court, and wherein it was successful.

By subdivision 1 of section 225 of the Civil Practice Act, an effective personal service of the summons upon respondent in the divorce action required, not only that he be personally served therewith, but that a copy thereof be delivered to his parents or guardian if within the State or if not, to the person having care of or control of him or with whom he resided or in whose service he was employed.  Such a complete service of the summons was essential to the acquirement of the jurisdiction of the person of the defendant.  (*Leahy* v. *Hardy,* 225 App. Div. 323; *Issem* v. *Slater,* 262 App. Div. 59.)  The attack thus made upon the judgment was lawfully entertained in the forum of the Surrogate's Court unless such question as to jurisdiction had itself been litigated and determined in the divorce action, and it was not.  The rule is well settled that with the exception

aforesaid such a collateral attack may be made when material and relevant to a given issue. Here the validity of the divorce decree was directly at issue and there can be no question but that the Surrogate's Court was fully empowered to try and determine that issue. (*Ferguson* v. *Crawford,* 70 N. Y. 253; *O'Donoghue* v. *Boies,* 159 N. Y. 87; *Matter of Doey* v. *Howland Co.,* 224 N. Y. 30, 38; *Matter of McGarren,* 112 App. Div. 503, 510; 49 C. J. S., Judgments, § 401.) While it has been said that by the weight of authority such an attack may be made *only* where the want of jurisdiction affirmatively appears on the face of the record and generally may not be shown by extrinsic evidence (49 C. J. S., Judgments, § 421), that rule does not obtain in this State. (*O'Donoghue* v. *Boies, supra; Matter of Doey* v. *Howland Co., supra; Matter of McGarren, supra;* see, also, *Matter of Battalico* v. *Knickerbocker Fireproofing Co.,* 250 App. Div. 258, 261, and *Stevens* v. *Breen,* 258 App. Div. 423, 427.)

But it is also well established that when a collateral attack is made against a judgment of a court of general or superior jurisdiction there arises at once a presumption that in rendering the judgment the court had jurisdiction both of the persons and the subject matter, and that it proceeded in due exercise of that jurisdiction; and that every reasonable presumption is indulged in to support the judgment and the burden is upon the party attacking it to establish its invalidity by positive, clear and convincing proof. (49 C. J. S., Judgments, § 425; *Bosworth* v. *Vandewalker,* 53 N. Y. 597; *Hayes* v. *Kerr,* 19 App. Div. 91, 110; *Berkowitz* v. *Brown,* 3 Misc. 1; *Kundolf* v. *Thalheimer,* 17 Barb. 506; *Wright* v. *Douglass,* 10 Barb. 97, 110–111; *Foot* v. *Stevens,* 17 Wend. 483.)

In *Bosworth* v. *Vandewalker* (*supra,* p. 600) a real estate foreclosure judgment was under collateral attack, and the judgment roll failed to show proof of service on certain infant defendants. There was no requirement that the proofs of such service were requisite to a perfect judgment roll. The only proof offered as regards the nonservice of the infants was the *absence of the proofs thereof.* It was held that this was not sufficient to impeach the judgment or to overcome the presumption aforesaid and the prima facie evidence of jurisdiction arising from the judgment's recital of it; that the latter was " conclusive until clearly and explicitly disproved "; and that as the proofs failed to show that there was no service of process upon the infant defendants it failed to overcome the presump-

tion of jurisdiction of their persons. In *Hayes* v. *Kerr* (*supra*) a decree of a Surrogate's Court came under attack collaterally on jurisdictional grounds as regards the service of process and some doubt was thrown upon the fact of service, but it was stated, at page 110: "Where a judgment of a court of competent jurisdiction is attacked collaterally, it is not sufficient to show that there is doubt about the jurisdiction, but it must be made to appear clearly, by a fair preponderance of the evidence, that no jurisdiction was acquired and that the recitals to that effect in the decree are false. * * * Nothing but satisfactory evidence in that regard will be received. * * * The record of a court of competent jurisdiction is of too much value to be destroyed by a doubt * * * but * * * can be overthrown only by disproof of the facts which tend to prove that jurisdiction was acquired."

In *Berkowitz* v. *Brown* (*supra*) a judgment in a real estate foreclosure action was under collateral attack upon the ground that it did not appear from the judgment roll that complete service had been made upon certain infants under fourteen. It did appear they were personally served but there was nothing to show that copies of the summons were delivered to their mother with whom they resided. The judgment under attack recited that it was made upon a reading and filing of *due proof* of the service of the summons. The only evidence that the service upon the infants was not complete was the *absence of written proof* that a copy of the summons had been delivered to the infants' mother. After stating the presumption that the court would not have rendered a judgment except upon due proof of the service, BISCHOFF, J., said, at page 6: "Precarious, indeed, would the rights sought to be acquired by judicial decree seem if their tenure were dependent upon the safe-keeping of the affidavit or other instrument from which its jurisdiction was apparent to the court when the decree was made. The fact, therefore, that the proofs of service which are annexed to the judgment roll are deficient in that they do not show sufficient service, does not impeach the jurisdiction of the court to render the judgment which was entered, * * *. To destroy the presumption of jurisdiction the want of sufficient service of the summons must either affirmatively appear from the record of the foreclosure action or the fact of the nonservice of the summons upon the mother * * * should have been established".

In *Maples* v. *Mackey* (89 N. Y. 146) it was held, opinion by RAPALLO, J., that a default judgment which recited due process on the defendant was not impeached by a defective proof of service filed with the judgment roll, RAPALLO, J., saying, at page 150: "It having been rendered by a court of general jurisdiction, all intendments are in favor of its validity until want of jurisdiction is affirmatively shown".

I find nothing which has lessened the rigors of the requirements stated as aforesaid as respects the burden of proof which is upon one when permitted to make a collateral attack upon the judgment of a court of general jurisdiction. In the case before us we therefore start out with a presumption that in rendering the divorce judgment the court had jurisdiction of the person of the defendant. The judgment of divorce itself recites that the defendant had been "duly served with the summons in this action". Thus the presumption is that full and complete service had been made because the Civil Practice Act provides in terms that service be made *upon him,* an infant over fourteen, by the delivery of a copy of the summons to him in person and also to the appropriate person enumerated in subdivision 1. (Civ. Prac. Act, § 225, subd. 1.) Presumably, then, it was so delivered to such appropriate person. What, then, was the evidence before the Surrogate that it was not so delivered and that such service was not full and complete? Principally it is an inference that it was not so delivered which might be drawn from the fact that no written proof of such service is now to be found on file with the judgment roll in the County Clerk's office, some four years after the judgment was entered, and during which time the parties abided by the decree, and some two years of which was beyond their majority. The person who would have been the proper one to whom the additional copy of the service of summons should have been delivered was not sworn. Here we have a situation as regards the state of the proof quite similar to that of *Bosworth* v. *Vandewalker* (53 N. Y. 597, *supra*) and *Berkowitz* v. *Brown* (3 Misc. 1, *supra*) viz.: the absence of written proof of the complete service as opposed to the presumption that such service was made, and the holdings in those cases were that such absence of such proofs of service did not overcome the presumption and impeach the judgment. And, too, in the instant case I do not find that the filing of the proofs of service with the judgment, or that filing them at all, is requisite to a perfect judgment roll. That the divorce judgment fails to recite the

appointment of a special guardian of the defendant infant, and that the judgment roll contains no evidence of such an appointment is perhaps something to bolster the inference that service was incomplete. Such, however, does not raise the inference to that degree of positive and affirmative proof requisite to overcome the presumption which obtained. The infant defendant became the ward of the court itself when it acquired jurisdiction of his person, as presumptively was the case, and the court's omission of the appointment of its agent, a guardian ad litem in that regard, did not defeat its jurisdiction. (*Croghan* v. *Livingston,* 17 N. Y. 218, 221.)

Stripped down to its substance then, the proof relied upon to nullify the judgment consists of the proven absence of due proof of service — the fact of its nonexistence in a customary place. The plaintiff in the divorce action and her attorney who prosecuted the cause are now both dead. In my opinion the record contains no affirmative proof sufficient to impeach the judgment of divorce upon jurisdictional grounds.

The order should be reversed and the prayer of the appellants' petition granted.

FOSTER, P. J., BERGAN and COON, JJ., concur; HEFFERNAN, J., taking no part.

Order reversed, on the law and the facts, with costs; the prayer of appellants' petition granted, and the matter remitted to the Surrogate's Court for an award to them of general letters of administration upon the estate of deceased. [See 281 App. Div. 776.]