█ In the Matter of the Estate of ARTHUR K. BOURNE, JR., Deceased. LAWRENCE G. BOURNE et al., Infants, by ARTHUR M. CROMARTY, Special Guardian, et al., Appellants; ELIZABETH S. BOURNE et al., Respondents.— Appeals from a decree of the Surrogate's Court, Suffolk County, which grants letters of administration to intestate's second wife, dismisses the petition of intestate's daughter by a prior marriage and denies the application of the special guardian of two infants, issue of said prior marriage, for the issuance of written interrogatories. Decree reversed, with costs to abide the event, and proceeding remitted to the Surrogate's Court for further proceedings not inconsistent herewith. The validity of the Florida divorce, which intestate obtained from his first wife without personal service, or without her appearance in the Florida action, is subject to attack by appellants, in this State, upon the ground of lack of domicile of intestate in Florida. (*Williams* v. *North Carolina,* 325 U. S. 226; cf. *Cook* v. *Cook,* 342 U. S. 126; *Matter of Lindgren,* 293 N. Y. 18; *Axelrod* v. *Axelrod,* 277 App. Div. 1053.) Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [See *post,* p. 991.]

█ In the Matter of the Application for a Subpœna to MORTON FREUNDLICH and Others. MORTON FREUNDLICH, Appellant; ROSE FREINDLICH, Respondent.— In a proceeding under article 30 of the Civil Practice Act, an order had been obtained ex parte directing certain witnesses to appear and give testimony, and, in connection therewith, to produce books and papers, within this State, to be used in an action for divorce instituted by respondent in the State of Florida. Pursuant to this order a subpœna duces tecum was served upon appellant. The appeal is from an order denying appellant's motion to vacate or modify the subpœna. Order modified by striking from the first ordering paragraph thereof "herein in all respects denied" and by substituting therefor "granted to the extent of striking from said subpœna items 3, 4, 6, 7, 8 and 9, and by striking from item 2 everything following the words 'located at' and by substituting therefor the following: '325 East 5th Street, New York, New York, and 610 East 13th Street, New York, New York, wherein Morton Freundlich is the lessor.'" As so modified, order affirmed, without costs. The provisions struck out exceed the intended scope of the commission to take testimony issued by the Florida court. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.