Louis L. Friedman, J.
Defendant moves, pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice, to dismiss plaintiff’s complaint on the ground “ that the cause of action cannot accrue against the infant defendant because of his infancy”.
The action is brought by the infant plaintiff against the infant defendant for a separation on the ground of alleged cruel and inhuman treatment. It appears from the papers before the court that both of the parties are under 21 years of age. Before instituting this action, plaintiff applied for and secured the appointment of a guardian ad litem. Thereafter, the summons and complaint were served upon both the infant defendant and his father with whom he resided. Defendant now asserts that plaintiff should have applied for the appointment of a guardian ad litem for the defendant before making service of the summons and complaint herein.
*26 The issue before the court is whether it is the obligation of the plaintiff to apply for and secure the appointment of a guardian ad litem for the defendant prior to the service of process, or whether it is the obligation of the defendant, after having been served with the summons and complaint, to himself apply for such relief.
Section 218 of the Civil Practice Act provides that ‘1 A civil action is commenced by the service of a summons ”. Section 225 of the Civil Practice Act provides that ‘ ‘ If the defendant be an infant, ’ ’ service of the summons is made by delivering a copy thereof ‘ ‘ to his father * * * and if the infant be of the age of fourteen years, or over, also to the infant in person.” The section further states that “ The court, in the defendant’s interest, may make an order, in its discretion, requiring a copy of the summons to be also delivered in behalf of the defendant to a person designated in the order, and that service of the summons shall not be deemed complete until it is so delivered.”
In the case before the court, no order such as previously referred to, has been entered. Therefore, service was complete when the summons was delivered to the infant and his father. That being so, the time to answer commenced to run and at the expiration of 20 days from said service, the defendant would be in default unless an answer was served or an attack upon the complaint or manner of service was made, as otherwise provided for in the Rules of Civil Practice or the Civil Practice Act.
Defendant bases his right to the relief herein demanded upon the claim that no judgment may be entered against an infant defendant without the appointment of a guardian ad litem. Be that as it may, the failure to appoint such guardian might be sufficient reason to withhold the entry of judgment, but it is questionable whether the default of an infant who was properly served would be excused solely because of the failure to appoint a guardian ad litem. Section 203 of the Civil Practice Act provides that “ The guardian must be appointed upon the application of the infant if he is of the age of fourteen years or upwards * * *; and in the case of an infant defendant if no such application shall have been made the application may be made by any other party to the action. ’ ’ A mere reading of this section indicates that the application must be made by the infant if he is over the age of 14 years. If the infant fails to do so, then any other party to the action may make the application. However, no infant defendant would have any reason for making the application for appointment of a guardian ad litem prior to the service upon him of process, since there would be *27 no action pending until such process has been served. No other party to the action could make such an application pursuant to the provisions of section 203 since there would be neither an action nor parties thereto prior to the commencement thereof. And if there is such an action, then the infant over 14 in the first instance has the right to apply for the appointment of the guardian. How then could the plaintiff in this case apply for the appointment of a guardian ad litem for the infant defendant, as defendant now contends upon the present motion 1 The question answers itself. It cannot be done under the provisions of the Civil Practice Act.
Bather is it the duty of the defendant, who has been served with a summons in the action, if he be an infant, to apply for the appointment of a guardian ad litem prior to the service of an answer. If he fails to do so, he may not serve an answer because he may only act through a guardian ad litem. If he does not do so, the plaintiff has the option of waiting until the time to answer expires, and then apply for the appointment of a guardian for the defendant as a prerequisite to the entry of judgment. But no such obligation rests upon the plaintiff as a prerequisite to obligating the defendant to file an answer.
The question has heretofore arisen under other similar circumstances. Thus, when a defendant litigant dies, the question sometimes arises as to whose responsibility it is to secure the appointment of a representative of the defendant’s estate, so that the action may be continued. Some have urged that since plaintiff has brought the action, it is plaintiff’s obligation to procure the appointment of a representative of defendant’s estate so that plaintiff may proceed with the action. Others have urged that it is the defendant’s representatives, seeking to defeat the plaintiff’s cause of action, who are obligated to secure the appointment of a legal representative of the estate. It seems to the court that the latter view seems to be the correct one. The family of a person who has died, or his attorney, certainly are in a much better position to know what rights have accrued as a result of the death of a defendant than does the attorney for the plaintiff. The attorney for a deceased party and his family would know who are the proper heirs, who must be cited in order to secure the appointment of a legal representative, whether a will is or is not available for probate, and all of the many other facets which surround an application for the appointment of a legal representative. While it is true that a defendant need not assist the plaintiff in securing an ultimate result in plaintiff’s cause of action, it is the defendant’s obligation to secure the appointment of a legal repre *28 sentative as a condition for being allowed to defend, rather than for the purpose of assisting the plaintiff in winning his cause of action.
The present application with respect to the appointment of a guardian ad litem must be based upon like reasoning. It is the defendant, seeking to defend against the cause of action which has been properly asserted against him, who must secure the appointment of a guardian ad litem as a condition to being allowed to defend, rather than the plaintiff being required to secure such appointment for the defendant as a condition of even bringing the lawsuit.
By virtue of the foregoing, the motion to dismiss is in all respects denied. Defendant may, if he so desires under the prayer for other and further relief, submit an order upon his proper petition, appointing a guardian ad litem.
Settle order on notice.