Jacob Markowitz, J.
This motion by plaintiff for the appointment of a guardian ad litem for the nonresident infant defendant in this negligence action was previously marked, in a pro forma manner, granted on default. It was only on the submission of the order for signature that the problems herein raised were made evident. The facts underlying the motion are simple. Plaintiff, a New York resident, was allegedly injured in New Jersey, by the infant defendant, a New Jersey resident, who was then driving his father’s car (his father being a New Jersey resident also). Subsequently, plaintiff served him with a summons at a school he attends in New York. Now plaintiff seeks the appointment of a guardian ad litem to complete the service requirements of CPLR 309 (subd. [a]). The ques *328 tion posed is whether this court, by the service of the summons on the infant alone, acquired sufficient jurisdiction to sustain the appointment requested. The issue is whether both parts of the two-part service, required by said section when the infant is over 14, must be completed before jurisdiction attaches, or whether completion of one part, as in this case, affords a sufficient jurisdictional basis for this court to act further herein.
Section 309 (subd. [a]) is written to emphasize service upon the guardian or parent of the infant, in the first instance, while service upon the infant is phrased in the conjunctive sense. No recent eases have been found on the point herein raised, although in Gelernter v. Gelernter (19 Misc 2d 25, 27) the court stated, with reference to procedures under the Civil Practice Act, that “it is the duty of the defendant, who has been served with a summons in the action, if he be an infant, to apply for the appointment of a guardian ad litem prior to the service of an answer. If he fails to do so, he may not serve an answer because he may only act through a guardian ad litem. If he does not do so, the plaintiff has the option of waiting1 until the time to answer expires, and then apply for the appointment of a guardian for the defendant as a prerequisite to the entry of judgment.” (Emphasis added.) However, in that case, a matrimonial cause was asserted by one resident infant against another, and the summons and complaint were served upon both the infant defendant and his father, with whom he resided, all pursuant to the predecessor of CPLR 309 (subd. [a]), section 225 of Civil Practice Act. Section 206 of the Civil Practice Act prescribed the procedures for the appointment of a guardian ad litem for a nonresident infant defendant. However, that section was not re-enacted in the CPLR, and no comment upon its disappearance may be found in any of the committee reports of the draftsman. It has been stated, in the case of a resident infant defendant, sued on a personal injury cause, that “ This court had no power to appoint a guardian ad litem for the infant defendant until it had acquired jurisdiction of the person of the infant defendant, and jurisdiction was not effected until service of the summons upon the infant defendant had been completed, pursuant to the statutory requirements. (Crouter v. Crouter, 133 N. Y. 55, 61.) ” (Lella v. Holman, 166 Misc. 796, 798.)
However, in Crouter, the jurisdiction of the court was held nonexistent, based upon a procedural defect as to timeliness, and it thus appears that the reference to compliance with statutory requirements was intended to refer to compliance with procedural requirements of the practice statutes.
*329 In Professor McLaughlin’s Supplemental Practice Commentary to CPLR 309 (subd. [a]) reproduced in the 1965 Pocket Part to McKinney’s Consolidated Laws of New York (CPLR, Book 7B, p. 82) he states: “In a case where the parent or guardian is outside the state, the statute appears to require that service be made upon the person having the care and control of the infant, or with whom he resides or by whom he is employed. (Presumably these latter persons must be served in New York, although the statute does not say so.) ” The New York interest in the instant litigation is limited to plaintiff’s residence here. However, New Jersey is not distant, its law would be applicable in any event, and no undue prejudice would accrue to plaintiff from being forced to litigate there.
Recognizing the general policy of upholding jurisdiction it is, nevertheless, this court’s opinion that, at this point and on the meager record presented, it has no jurisdiction to afford the relief requested. (See Krieger v. Krieger, 198 Misc. 450; Issem v. Slater, 262 App. Div. 59; Jacobson v. Krekell, 223 App. Div. 440.) Movant, despite request therefor, has submitted no authority to sustain his position. Accordingly, the prior decision is recalled, sua sponte, and the motion denied.