PIONEER STATE MUTUAL INSURANCE COMPANY v WOOD

Docket No. 55666. Submitted February 9, 1983, at Grand Rapids.— Decided June 6, 1983.

Pioneer State Mutual Insurance Company was the fire insurance carrier on Murchie House, a halfway house. On August 10, 1977, Murchie House burned. Pioneer State paid the claim made under the policy and became subrogated to the rights of the owners of Murchie House. On February 13, 1979, Pioneer State filed a complaint in Grand Traverse Circuit Court alleging that Lynda Wood, a minor resident of Murchie House, negligently or wilfully caused the fire. Named as defendants were Lynda Wood and Richard and Janet Wood, Lynda's parents. A summons and a copy of the complaint were served on Lynda Wood. On the date of service of process, Lynda was 17 years old and was a resident of the Genesee County Juvenile Detention Center. Lynda's parents were also served with a summons and a copy of the complaint. Lynda reached majority on April 12, 1980. On September 11, 1980, Lynda's attorney moved to quash service of process, to dismiss and for accelerated judgment on the basis that there had not been effective service of process with respect to the claim against Lynda. William J. Brown, J., granted an order of summary judgment in favor of Lynda Wood. Pioneer State appeals. *Held:*

1. While substituted service upon the person having the care and control of an infant defendant or such infant's legal guardian is permitted under the court rules, the court rules do not mandate such substituted service; accordingly, personal service upon an infant defendant is proper under the court rules. An unrepresented infant's due process rights are adequately protected, since the action cannot proceed until the trial court appoints a guardian ad litem.

2. While a statutory provision in the Revised Judicature Act seems to require service by mail of a copy of the complaint upon the Attorney General whenever an individual defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants § 195 *et seq.*
   62 Am Jur 2d, Process § 41.
[2] 41 Am Jur 2d, Incompetent Persons § 114.

is in a state institution, the court rules clearly require such mailing of a copy of the complaint to the Attorney General only where the defendant has been judicially declared incompetent and for whom a guardian has been appointed and is acting. The provision in the court rules will be given effect; accordingly, service of process in the present case was not defective by reason of the failure to mail a copy of the complaint to the Attorney General.

Reversed and remanded.

1. PROCESS — INFANTS — PERSONAL SERVICE — SUBSTITUTED SERVICE.

Service of process upon an infant personally is sufficient under the court rules to effect proper service; service of process upon the parents or other person having care and control of the infant, while permitted by the court rules, is not required, since service of process upon the infant provides adequate notice of the pendency of the action and the infant is protected by the fact that the action cannot proceed against an unrepresented infant until the trial court has appointed a guardian ad litem (GCR 1963, 105.1, 105.2[2], 201.5[1]).

2. PROCESS — PERSONAL SERVICE — ATTORNEY GENERAL.

The provisions in the court rules which permit service of process on a defendant by leaving a summons and a copy of the complaint with a defendant personally and which require the mailing of a copy of the complaint to the Attorney General only where an individual defendant is in a state institution, has been declared legally incompetent, and has an appointed guardian will be given effect over the statutory provision which appears to require a plaintiff to mail a copy of the complaint to the Attorney General whenever an individual defendant is in a state institution (MCL 600.1913[2]; MSA 27A.1913[2]; GCR 1963, 105.1, 105.2[3]).

*Morrissey, Bove & Ebbott* (by *Richard H. Ebbott),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Paul M. Oleniczak),* for Lynda Wood.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

P. J. MARUTIAK, J. The plaintiff appeals from an order granting summary judgment in defendant Lynda Wood's favor. Because we disagree with the trial court's ruling that service of process on Lynda Wood was invalid, we reverse and remand for trial.

In July, 1977, by order of the Livingston County Probate Court, Lynda Wood was placed in Murchie House, a halfway house run by the Michigan Children's Aid and Family Services. On August 10, 1977, a fire damaged the Murchie House. Plaintiff paid on its fire insurance policy and became subrogated to the rights of the owners of the Murchie House.

On February 13, 1979, plaintiff filed a complaint in the Grand Traverse County Circuit Court alleging negligent or wilful conduct on Lynda Wood's part in the Murchie House conflagration. After suit was commenced, Lynda Wood was served with a summons and a copy of the complaint while a resident of the Genesee County Juvenile Detention Center. On the date that Lynda was served, she was 17 years old. Lynda's parents, Richard and Janet Wood, were served with summons and a copy of the complaint, but no other parties were served.

Lynda reached majority on April 12, 1980. On September 11, 1980, Lynda's attorney moved to quash service of process, to dismiss and for accelerated judgment. The trial court entered an order granting summary judgment in Lynda Wood's favor on January 2, 1981.

At issue is the method of service on a minor residing in a state institution, specifically, whether service on the child and her parents under GCR 1963, 105.1 and 105.2(2) meets statutory and due process requirements. GCR 1963, 105.1 provides:

"Individuals, Personal Service. Service of process may be made upon an individual by leaving a summons and copy of the complaint with the defendant personally."

The court rules, GCR 1963, 105.2(2), also provide for substituted service:

"(2) upon an infant defendant, by leaving a summons and a copy of the complaint with a person having the care and control of him with whom he resides, or with his legal guardian, or

"(3) upon a defendant who has been judicially declared incompetent and for whom a guardian has been appointed and is acting, by leaving a summons and a copy of the complaint with the guardian. If the individual is in a state institution a copy of the complaint shall also be mailed to the attorney general."

The reason for the court rule is best set forth in the committee comment to GCR 1963, 105.2(2):

"This provision is intended to provide an additional method of serving infants by providing a method that in some cases will be better service than serving the infant himself and may be easier to execute. Both methods may be used if thought desirable.

"The additional method of service for infants is an innovation to Michigan law. It is desirable to have such a provision to guide lawyers and for purposes of making the revision as comprehensive as possible. The experience of other states has demonstrated the desirability of such a provision.

"Service can be made upon the person having the care and control of the infant and with whom he resides. This would include the mother and father. Service can also be made on the guardian. These persons have a sufficient relationship and interest as to justify service upon them.

"Attention is called to the provisions of C.L. 1948, sec 612.30 (Mich Stats Ann 27.682), requiring that after service of process suits against infants be defended by

the guardian or guardian ad litem. The instant provision is not intended to affect the statutory provisions concerning guardians or guardians ad litem; it merely provides for a method of service of process." 1 Honigman & Hawkins, Michigan Court Rules Annotated, pp 74-75.

Because this is a case of first impression, there is little in the way of Michigan authority to guide us. However, if we take as our starting point procedural due process requirements fundamental to our notion of justice, we conclude that the method of service was proper because it afforded Lynda Wood actual notice of the proceedings and made available to her an opportunity to be heard. *Milliken v Meyer,* 311 US 457; 61 S Ct 339; 85 L Ed 278 (1940); *Krueger v Williams,* 410 Mich 144, 158; 300 NW2d 910 (1981). Moreover, we find sufficient guidance from the law of sister states with similar statutes or court rules to enable us to hold that service of process was proper on these facts. *Leahy v Hardy,* 225 App Div 323; 232 NYS 543, 544 (1924); *In re Springs Estate,* 280 App Div 642; 117 NYS2d 356 (1952).

We conclude, based on the plain wording of GCR 1963, 105.1 and 105.2, as well as upon the committee note quoted above, that service of process may properly be made by personally serving the infant with a summons and a copy of the complaint. While service of process upon an infant's father, mother or guardian or other person having the care and control of him or her, in addition to personally serving the infant, may be desirable, we find that it is not mandated. GCR 1963, 105.2(2) is an alternative method of service of process allowing for substituted service of process upon an infant defendant. The purpose of requiring service of process is to ensure that the defendant receives

adequate notice of the pendency of the action so as to afford the defendant due process. Infant defendants are afforded sufficient protections. GCR 1963, 201.5(1) prohibits any action from proceeding against an unrepresented infant defendant until the trial court appoints a guardian ad litem.

On appeal, the issue of whether a plaintiff must mail a copy of the complaint to the State Attorney General when serving an infant minor residing in a state institution is raised. That issue was not reached by the trial judge in this case. Statutory law, MCL 600.1913(2); MSA 27A.1913(2), appears to require the plaintiff to mail a copy of the complaint to the Attorney General whenever an individual defendant is in a state institution. However, GCR 1963, 105.2(3) clearly limits this requirement to cases where a defendant has been judicially declared incompetent and for whom a guardian has been appointed and is acting. We resolve the apparent conflict in favor of the clear language of the court rule.

Reversed and remanded for trial.