OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding to determine the validity of an election *169 filed by an alleged surviving spouse pursuant to EPTL 5-1.1, the spouse seeks a protective order vacating a notice to take her deposition.
The decedent, Mario Garces, died on October 27, 1984, a domiciliary of Nassau County. His will was admitted to probate on February 20, 1985 and letters testamentary issued to Emma Garces, the petitioner herein. The will makes no provision for Diva Garces, whose alleged status as the surviving spouse is challenged by the executrix.
The instant proceeding was commenced by a petition dated September 19, 1985 which requested a determination regarding the validity of the election. It is undisputed that a notice of election was served upon the petitioner and filed and recorded in the Surrogate’s Court in compliance with EPTL 5-1.1. However, the petition alleges that Diva Garces lacks status to elect against the will because a prior marriage to Adrualdo Barboso Da Silva, which took place in Brazil, was never terminated by judicial decree and thus the respondent’s marriage to the decedent was illegal. In her answer to the petition Diva Garces alleges that her marriage to Adrualdo Barboso Da Silva was terminated by a divorce decree and in support of her allegation she has submitted a certified copy of a judgment of divorce entered in the Supreme Court, New York County, on October 27,1977.
In her motion for a protective order Diva argues that the documentary proof of her divorce from her first husband settled any question concerning the validity of her marriage to the decedent and her status as his surviving spouse. The executrix, however, contends that the Supreme Court, New York County, lacked jurisdiction to enter a decree of divorce because neither one of the parties to the proceeding was a resident or domiciliary of New York at the time of the divorce proceeding. The respondent contends that she was a resident of New York and that, in any event, the executrix may not collaterally attack the decree.
Initially, it is noted that this court has jurisdiction to determine the issue of the validity of a divorce decree where the issue relates to the affairs of a decedent (Matter of Spring, 280 App Div 642; see also, Matter of Piccione, 57 NY2d 278).
A divorce decree is subject to collateral attack by one who is a stranger to the divorce proceeding but who nevertheless has an interest in challenging the decree’s validity (Matter of Bourne, 2 AD2d 896). Thus, the executrix of the estate of the *170 decedent has standing to raise an issue concerning the validity of a decree terminating a prior marriage of the respondent.
It appears to be undisputed that in the divorce proceeding the respondent did allege residence in New York but did not indicate a street address in her complaint. The failure to include an address does not subject the divorce decree to collateral attack. However, the decree is subject to attack on the grounds that the court which issued the decree lacked jurisdiction. Where a collateral attack is made against a judgment of a court of general or superior jurisdiction, a presumption arises that the court had jurisdiction both of the persons and subject matter (Matter of Spring, supra). The executrix therefore has the burden of establishing a jurisdictional defect.
The executrix alleges that neither of the parties to the divorce proceeding was a resident or domiciliary of the State of New York at the time of the commencement of the action. Domestic Relations Law § 230 provides that an action for divorce may be maintained only when certain residency requirements are met.
Where compliance with a statute which prescribes a period of residence for a divorce action is regarded as jurisdictional, a decree is subject to collateral attack on the grounds that the residency requirement was not satisfied (24 Am Jur 2d, Divorce and Separation, § 502). However, Domestic Relations Law § 230 goes only to the substance of the divorce cause of action not the competence of the court to adjudicate the case (Lacks v Lacks, 41 NY2d 71). The failure to meet the residency requirements of section 230 is thus not a jurisdictional defect (Small v Small, 96 Misc 2d 469; Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C230:l, p 24), and a judgment rendered under such circumstances is not void (47 NY Jur 2d, Domestic Relations, §961) although it may be subject to attack in a sister State for failure to meet Federal constitutional requirements (Lacks v Lacks, supra, p 73).
Accordingly, since the sole purpose of the examination in question as stated by the petitioner would be to determine whether Diva Garces was a resident of New York, the motion *171 for a protective order is granted. The residency issue would not have a bearing on the validity of the divorce decree in this State and therefore would not be determinative of the respondent’s status as the surviving spouse. The court finds it unnecessary to address the issue of self-incrimination.